[No. 31957.   Department One.   August 7, 1952.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE MOSER, *Appellant.*[1]

[1]Reported in 246 P. (2d) 1101.

*Fred M. Bond,* for appellant.

*James E. Duree* and *Robert Hannan,* for respondent.

WEAVER, J.—By information, defendant was charged with three counts:

"*Count 1.* That the said George Moser in the County of Pacific, State of Washington, at Willapa River on the 17th day of October, 1949, did then and there unlawfully use, operate and maintain a set net.
"*Count 2.* That the said George Moser in the County of Pacific, State of Washington, at Willapa River on the 17th day of October, 1949, did take and fish for salmon for commercial purposes in the Willapa River Preserve . . . being a violation of . . . a rule or regulation adopted by the director of fisheries of the State of Washington . . .
"*Count 3.* That said George Moser in the County of Pacific, State of Washington, at Willapa River on the 17th day of October, 1949, did knowingly and willfully resist the arrest by a Fisheries Inspector of the State of Washington."

The trial court withdrew count I from consideration by the jury after introduction of evidence. The jury found defendant guilty on count II and count III. Upon appeal to this court, we ordered a new trial. *State v. Moser,* 37 Wn. (2d) 911, 226 P. (2d) 867.

Before the second trial, count I was dismissed. The jury acquitted defendant on count II. It convicted him on count III. Judgment and sentence were entered. Defendant appeals, and assigns as error the failure of the trial court to dismiss count III at various stages of the proceeding, including the denial of a motion in arrest of judgment, upon the ground that count III did not state facts sufficient to constitute a crime.

Count III is a prosecution for a purported violation of RCW 75.08.190 (Rem. Supp. 1949, § 5780-218a):

"The director, and any fisheries inspector, or deputy fisheries inspector, shall have authority to arrest, without writ, order or process, any person in the act of violating any of the provisions of this title, or any of the rules, regulations,

or orders made by the director, and they are hereby made peace officers. If any person knowingly or wilfully resists or opposes such officer in the discharge of his duties or aids and abets such resistance or opposition, he shall be guilty of a gross misdemeanor and shall be fined not less than two hundred and fifty dollars."

The elements of an offense under this statute are: (1) knowing or willful resistance, (2) to the director, inspector or deputy fisheries inspector, (3) in the discharge of his duties under the "title." (Fisheries code of the state of Washington.)

In addition to other requirements, in order to charge a crime, an information must satisfy subdivision 6 of RCW 10.37.050:

"(6) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

It is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined, and the language used is adequate to apprise the accused with reasonable certainty of the nature of the accusation. *State v. Forler,* 38 Wn. (2d) 39, 227 P. (2d) 727 and cases therein cited. However, count III does not follow the language of RCW 75.08.190. When such is the case, the information must then satisfy certain rules heretofore established.

There is no presumption in favor of a pleading charging a crime. Such a pleading must be definite and certain. *State v. Odell,* 38 Wn. (2d) 4, 227 P. (2d) 710. While it is not fatal to an information that the precise language of the statute was not followed, words conveying the same meaning and import must be employed. *State v. Knowlton,* 11 Wash. 512, 39 Pac. 966. A person of common understanding (*State v. Ternan,* 32 Wn. (2d) 584, 203 P. (2d) 342) should be able to read what is intended and to understand the charge, under the statute, from the face of the information. But, before we can apply the "common understanding rule" we must first determine whether or

not the information charges all of the statutory elements of the particular crime involved. *State v. Unosawa,* 29 Wn. (2d) 578, 188 P. (2d) 104.

■■ When we apply the foregoing tests to count III of the information before us, we reach the conclusion that count III does not charge a crime under RCW 75.08.190.

The crime defined by the statute, under which it is conceded defendant was charged, is *not* to "knowingly and willfully resist the arrest by a Fisheries Inspector," as set forth in the information, but to "knowingly or willfully" resist or oppose "such officer in the discharge of his duties." The statute limits the officer's duties and authority. He may only arrest without a warrant a person *in the act* of committing a violation of the fisheries code and regulations. To constitute a charge of crime under this statute, an information must state facts from which it may be deduced by a person of common understanding that the arrest is an authorized one under the statute, for otherwise the arrest is not authorized and therefore the officer is not engaged in the "discharge of his duties." A criminal statute can reach no further than the limitations prescribed by the words of the statute. It will not do to eliminate the words "in the discharge of his duties" from the statute, for manifestly it is the resisting of a fisheries inspector "in the discharge of his duties" which constitutes the gist of the offense.

It cannot be deduced from count III that the arrest was one which the officer was entitled to make, for it is not alleged whether he had, or had not, a warrant; it is not alleged that the officer was acting "in the discharge of his duties"; and it is not alleged that defendant, at the time arrested, was "in the act of violating any of the provisions" of the fisheries code or any of the "rules, regulations, or orders made by the director." Count III, therefore, does not state facts sufficient to constitute a crime.

In our former opinion in this case (*State v. Moser, supra*) we said:

"Appellant presents several assignments of error based upon rulings by the trial court denying his motion, made after the close of the evidence, to strike counts II and III,

arid to dismiss the action and discharge appellant. These assignments of error are without merit." (p. 917)

It is urged that we thus passed upon the sufficiency of count III. An examination of the file in the former appeal does not support this contention. The assignments of error in the prior appeal, to which reference was made in our former opinion, were directed to the question of whether a justice of the peace, before whom a charge against defendant was pending on count I, also had exclusive jurisdiction of counts II and III. We only concluded that the justice of the peace did not have exclusive jurisdiction of these counts.

Judgment and sentence are reversed, and the cause remanded with directions to dismiss the action.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.

