[Nos. 56016–1, 56144–3. En Banc. November 22, 1989.]

THE STATE OF WASHINGTON, *Petitioner*, v. DUNCAN LEACH, *Respondent*.

THE CITY OF SEATTLE, *Respondent*, v. MAUREEN ELVERSTON, *Petitioner*.

---

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Senior Appellate Attorney,* for petitioner State.

*Helen L. Halpert* of *Seattle–King County Public Defender Association,* for petitioner Elverston.

*Suzanne Lee Elliott* of *Associated Counsel for the Accused,* for respondent Leach.

*Douglas N. Jewett, City Attorney, Tamera Van Ness, Assistant City Prosecutor,* and *Douglas B. Whalley, City Prosecutor,* for respondent City of Seattle.

SMITH, J.—The State of Washington asks this court to review a decision of the Court of Appeals, Division One, which affirmed the King County Superior Court in dismissing a Renton District Court conviction of Duncan Leach for public indecency. The Court of Appeals agreed that the charge against Mr. Leach was constitutionally deficient because it did not adequately describe the statutory elements of the offense.

Petitioner Maureen Elverston asks this court to review a decision of the King County Superior Court which affirmed her conviction in the Seattle Municipal Court for driving while under the influence of intoxicating liquor. Ms. Elverston challenges the charge against her, claiming that it was constitutionally deficient because it did not adequately describe the offense under the Seattle Municipal Code and under court rules.

The two cases were consolidated for review by this court because of the similarity of the issues involved. The issues are:

A. Whether a charging document, involving a misdemeanor offense filed in a court of limited jurisdiction, must state all the statutory elements of the crime in order to satisfy the due process notice requirements of Const. art. 1, § 3, and § 22 (amend. 10) and the fifth, sixth and fourteenth amendments to the United States Constitution;

B. Whether the defendant may challenge the charging document for the first time on appeal because it does not contain statutory elements of the misdemeanor charged where the challenge alleges error affecting a constitutional right and alleges lack of trial court subject matter jurisdiction caused by constitutional deficiency in the charging document;

C. Whether distinguishing between accused persons charged by misdemeanor citation and those charged by complaint violates the equal protection guaranties of U.S. Const. amend. 14, § 1 and Const. art. 1, § 12 concerning the extent of notice to which those persons are entitled; and

D. Whether the citation charging procedure is unconstitutional because it permits initiation of criminal charges by persons other than prosecuting attorneys, namely, police officers, in violation of the due process clauses of the state and federal constitutions.

We affirm the Court of Appeals and uphold dismissal by the Superior Court of the public indecency charge against Duncan Leach.

We affirm the conviction of Maureen Elverston for driving while intoxicated.

## STATE v. DUNCAN LEACH

The State of Washington seeks review of a published Court of Appeals decision reversing Duncan Leach's Renton District Court conviction for public indecency and dismissing the charge. The Court of Appeals concluded that the complaint signed by the investigating police officer and the prosecuting attorney did not state necessary elements of the offense charged; and while the complaint cited RCW 9A.88.010, it did not specify which of the two offenses described in that statute was charged. *State v. Leach,* 53 Wn. App. 322, 766 P.2d 1116 (1989). The State contends the more stringent due process notice requirements of *State v. Holt*[1] should not apply to misdemeanor complaints or citations filed in courts of limited jurisdiction.

On August 8, 1986, Duncan Leach was notified that a complaint had been filed in Renton District Court accusing

---

[1]The rule reiterated by this court in *State v. Holt,* 104 Wn.2d 315, 704 P.2d 1189 (1985), is that omission of any statutory element of a crime in the charging document is a constitutional defect which may result in dismissal of the charges. *Holt* involved omissions in a felony information filed in superior court charging the class C felony of selling child pornography under former RCW 9.68A.030.

him of committing "RCW 9A.88.010 Public Indecency (see case)"[2] on July 8, 1986. The cited statute defines both misdemeanor and gross misdemeanor offenses, but the complaint did not specify which level of crime respondent was being charged with.[3] Further, as the State conceded at trial, the photocopy of the police report received by Mr. Leach and incorporated by reference into the complaint omitted the year of birth of one of the alleged victims. Thus, Mr. Leach was not put on notice that one of his victims was under the age of 14. If that crucial information had been provided him, he would have been able to determine that he was charged with a gross misdemeanor.

When Mr. Leach appeared for arraignment on two counts of public indecency,[4] the Honorable Charles J. Delaurenti, II, Renton District Court Judge, informed him he had been charged with two misdemeanors, each of which carried a maximum penalty of 90 days in jail and a $1,000 fine. After respondent pleaded "not guilty" to both counts, the court realized, and then informed Mr. Leach, that one of the two charges was actually a gross misdemeanor carrying a maximum penalty of 1 year in jail and a $5,000 fine.

Duncan Leach later waived his right to a jury trial and stipulated that the court could base its decision on the police report. However, defense counsel advised the court that Mr. Leach had not received appropriate notice of the actual charges. Counsel contended that the State should not be allowed to amend the charge to a gross misdemeanor because Mr. Leach had been charged only with two misdemeanors. The prosecutor requested that the charge based

---

[2] The words "see case" refer to a police report attached to the complaint sent to Mr. Leach.

[3] Under former RCW 9A.88.010(2), public indecency is a gross misdemeanor if one exposes oneself to a person under 14 years of age.

[4] He was subsequently charged with a second count of public indecency, allegedly committed on August 22, 1986. However, the charging document on this count was not challenged and is not presented to this court for review.

on the July 8, 1986, incident be amended to a gross misdemeanor because one of the alleged victims was under the age of 14, and that the other matter proceed as a simple misdemeanor. The court allowed the amendment after offering defendant Leach a continuance to prepare his defense on the amended charge. Defense counsel neither requested a continuance nor a bill of particulars on the amended charge. After considering the evidence, the court found Mr. Leach "guilty" of one misdemeanor and one gross misdemeanor.

In appealing his conviction to the King County Superior Court, Mr. Leach contended that the complaint charging the July 8, 1986, offense was constitutionally defective because it did not describe the statutory elements of the offense. Judge Lloyd W. Bever ruled in his favor and remanded the matter with directions to dismiss the July 8 charge, basing his decision on *State v. Holt,* 104 Wn.2d 315, 704 P.2d 1189 (1985).

On January 23, 1989, Division One of the Court of Appeals filed its opinion affirming the Superior Court dismissal of Mr. Leach's public indecency conviction because the District Court complaint was constitutionally defective for not stating the statutory elements of the charged offense as required by *Holt. State v. Leach,* 53 Wn. App. 322, 766 P.2d 1116 (1989).

The Justice Court Criminal Rules were in effect on July 8, 1986,[5] the date of the offense of public indecency charged against Duncan Leach under RCW 9A.88.010.[6]

Misdemeanor criminal charges were initiated by complaint or by citation and notice under the Justice Court

---

[5]The parties incorrectly assumed that the Criminal Rules for Courts of Limited Jurisdiction were applicable in this case. The Justice Court Criminal Rules were not superseded by the Criminal Rules for Courts of Limited Jurisdiction until September 1, 1987.

[6]RCW 9A.88.010 was amended in 1987 by Laws of 1987, ch. 277, § 1. Throughout the statute, the 1987 amendment substituted "indecent exposure" for "public indecency" and added the word "intentionally" to subsection (1). These changes do not affect Mr. Leach's case.

Criminal Rule 2.01(a)(1). A law enforcement officer could initiate charges by citation and notice without prior approval of the prosecutor. JCrR 2.01(b)(4). Both complaints and citations were final charging documents. JCrR 2.01(a)(3), (b)(4).

A criminal proceeding initiated by a complaint under the Justice Court Criminal Rules required that the complaint be in writing and that it contain

(i) the name of the court;
(ii) the title of the action and the name of the offense charged;
(iii) the name of the person charged; and
(iv) the offense charged, in the language of the statute, together with a statement as to the time, place, person, and property involved to enable the defendant to understand the character of the offense charged.

JCrR 2.01(a)(2).

In an information or complaint for a statutory offense, it is sufficient to charge in the language of the statute if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation. *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978) (citing *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965)). *See also* RCW 10.37.050. However, it is not necessary to use the exact words of the statute if other words are used which equivalently or more extensively signify the words in the statute. *State v. Knowlton,* 11 Wash. 512, 39 P. 966 (1895).

In *Holt,* the court dismissed a complaint which omitted two statutory elements of the crime of child pornography. Further, the court concluded that "[t]he omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges." *Holt,* 104 Wn.2d at 320 (citing *State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983)). The court further cited *Bonds* for distinction between a constitutionally defective information and one merely deficient for vagueness. A constitutionally defective information is subject to dismissal for failure to

state an offense on the face of the charging document by omitting allegations of essential elements constituting the offense charged. *Holt,* 104 Wn.2d at 320–21; *In re Richard,* 75 Wn.2d 208, 211, 449 P.2d 809 (1969). However, a charging document which states the statutory elements of a crime, but is vague as to some other significant matter, may be corrected under a bill of particulars. A defendant may not challenge a charging document for "vagueness" on appeal if no bill of particulars was requested at trial. *Holt,* 104 Wn.2d at 320; *Bonds,* 98 Wn.2d at 17.

■ In holding that a charging document which omits a statutory element of the crime charged violates a defendant's constitutional rights, the court in *Holt* did not distinguish between misdemeanors and felonies, nor between complaints and citations. In applying the *Holt* rule, there is no logical reason to distinguish between complaints and citations or felonies and misdemeanors. If a misdemeanor citation or complaint omits a statutory element of the charged offense, the document is constitutionally defective for failure to state an offense and is subject to dismissal. However, in order more fully to understand the import of the *Holt* rule, it is necessary to examine the origins of the rule in the case law of this state.

The line of cases culminating in the *Holt* decision includes: *State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983); *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979); *State v. Moser,* 41 Wn.2d 29, 246 P.2d 1101 (1952); *State v. Unosawa,* 29 Wn.2d 578, 188 P.2d 104 (1948).

In *Unosawa,* without citation to further authority, the rule is stated:

> [W]e must first determine whether or not the information *charges* all of the statutory elements of the particular crime involved. . . . To state the proposition in another way, . . . it [must be] determined that the information itself does charge a crime.
> The *facts* stated in count No. 2 of the information, as amended, do not charge the crime . . .

(Italics ours.) *State v. Unosawa,* 29 Wn.2d 578, 589, 188 P.2d 104 (1948). This does not support the proposition suggested by the language in *Holt* that a charging document must *list* every element of a crime. Rather, the charging document must allege sufficient *facts* to support every element of the crime charged.

This formulation of the rule is supported by other authority. The Court of Appeals in this case relied in part upon *Blanton v. State,* 1 Wash. 265, 24 P. 439 (1890) and *Leonard v. Territory,* 2 Wash. Terr. 381, 7 P. 872 (1885) for the proposition that "the essential elements rule has always been the law in this state". *State v. Leach,* 53 Wn. App. 322, 326, 766 P.2d 1116 (1989).

In *Leonard,* for example, the rule was stated:

> Under our laws an indictment must be direct and certain, both as regards the crime charged and as regards the particular circumstances thereof, when they are necessary to constitute a complete crime.

*Leonard v. Territory,* 2 Wash. Terr. 381, 392, 7 P. 872 (1885) (remanding the case for a new trial because of insufficiency of the charging document). However, the court in that case was considering whether "[g]uilt of murder in the first or second degree cannot . . . be gathered from the *facts* set forth as constituting the crime." (Italics ours.) *Leonard v. Territory,* 2 Wash. Terr. 381, 389, 7 P. 872 (1885).

In *Leonard,* the indictment omitted a *factual* allegation that the killing was purposed, deliberate, premeditated and malicious and therefore did not "charge the crime conformably to the definition of the statute." *Leonard v. Territory,* 2 Wash. Terr. 381, 391, 7 P. 872 (1885). Because statutory language may not necessarily *define* a charge sufficiently to apprise an accused with reasonable certainty of the nature of the accusation against that person, to the end that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense, mere recitation of the statutory language in the charging document may be inadequate. *See State v. Royse,* 66

Wn.2d 552, 403 P.2d 838 (1965); *see also State v. Carey,* 4 Wash. 424, 30 P. 729 (1892). Moreover, "an information need not state the statutory elements of an offense in the precise language of the statute, but may instead use words conveying the same meaning and import as the statutory language." *State v. Nieblas–Duarte,* 55 Wn. App. 376, 380, 777 P.2d 583 (1989) (citing *State v. Jeske,* 87 Wn.2d 760, 765, 558 P.2d 162 (1976); *State v. Moser,* 41 Wn.2d 29, 31, 246 P.2d 1101 (1952)). But:

> [T]he information must state the acts constituting the offense in ordinary and concise language, not the name of the offense, but the statement of the acts constituting the offense is just as important and essential as the other requirements of the information, such as the title of the action and the names of the parties.

*State v. Royse,* 66 Wn.2d 552, 557, 403 P.2d 838 (1965).

It may be concluded from these authorities that the "essential elements" rule requires that a charging document *allege facts supporting every element of the offense,* in addition to adequately identifying the crime charged. This is not quite the same as a requirement to "state every *statutory element* of" the crime charged, as suggested in *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985). However, any imprecision in delineating the "essential elements" rule in *Holt* does not alter our conclusions in the two cases we now decide.

The *Holt* decision is not in conflict with this court's holding in *Grant* in which it was held that a misdemeanor citation containing a statutory reference "RCW 9.69.060" and the description "obstructing a police officer in the performance of his duty" was constitutionally sufficient. This court concluded that the citation met the requirement that defendants be apprised with reasonable certainty of the nature of accusations against them so they may prepare an adequate defense. *Grant,* 89 Wn.2d at 686.

The complaint against Duncan Leach is constitutionally defective because it does not include "the offense charged, in the language of the statute, together with a statement as to the time, place, person, and property involved to enable

the defendant to understand the character of the offense charged" as required by JCrR 2.01(a)(2). The complaint merely stated "RCW 9A.88.010/PUBLIC INDECENCY" and incorporated an attached police report describing the general facts of the July 8, 1986, offense. However, the complaint did not specify whether a misdemeanor or a gross misdemeanor was charged. It further omitted an essential elemental fact of the gross misdemeanor offense. Specifically, it did not include, either on its face or in the accompanying photocopy of the police report, the fact that one of the alleged victims was under the age of 14. This omission violated JCrR 2.01(a)(2)(iv) and Mr. Leach's due process right to be properly informed of the charge against him as required by the state and federal constitutions. Const. art. 1, §§ 3, 22 (amend. 10); U.S. Const. amends. 5, 6, 14.

The State is not excused by JCrR 2.04(a) from providing Duncan Leach with adequate notice of the nature of the charge against him. JCrR 2.04(a) provided that a misdemeanor complaint shall not be considered insufficient if it does not contain any "matter not necessary to a plain, concise and definite statement of the essential facts constituting the specific offense or offenses with which the defendant is charged . . ." JCrR 2.04(a).

The State's failure to include in the charging document the essential elemental fact that one of the victims to the July 8, 1986, incident was younger than 14 years of age and its failure to charge the offense in the language of the statute were indeed omissions of matters "necessary to a plain, concise and definite statement of the essential facts" constituting the specific gross misdemeanor offense of public indecency. Those omissions constituted a failure to state an offense in violation of Mr. Leach's due process right to be apprised with reasonable certainty of the nature of the accusations against him.

The State contends that a defendant charged with a misdemeanor in a court of limited jurisdiction, whether by

complaint or by citation and notice, forfeits the right to challenge a constitutionally defective charging instrument by not raising the issue at trial. This is not correct. An appellant may at any time claim an error which was not raised in the trial court if the error affects a constitutional right. *See* RAP 2.5(a). *See also Holt,* 104 Wn.2d at 320–21 (a criminal defendant can raise objections at any time to an information which completely fails to state an offense). Thus, because it involves a question of constitutional due process, Mr. Leach's challenge to the sufficiency of his misdemeanor citation is reviewable even though raised for the first time on appeal.

We affirm the Court of Appeals and uphold superior court dismissal of Respondent Duncan Leach's public indecency conviction. The Superior Court and Court of Appeals properly based their decisions on *Holt* which requires that a criminal complaint allege all statutory elements of the offense charged.

### SEATTLE V. MAUREEN ELVERSTON

Maureen Elverston was charged in Seattle Municipal Court with the offense of driving while intoxicated and the infraction of driving in excess of reasonable speed on September 23, 1987. Seattle Municipal Code (SMC) 11.56-.020(A); SMC 11.52.020.

The charging document was issued on a "uniform abstract of court record" form (traffic citation form) and contained a reference to the Seattle Municipal Code section under which Ms. Elverston was charged—"11560201c."[7] The acronym "DWI" was the only writing in the space provided for description of the offense. The citation was signed by the arresting officer and by Myron Cornelius, Assistant

---

[7]This apparently refers to SMC 11.56.020(A)(1)(c)—Driving While Intoxicated, where the person is driving while under the influence of or affected by intoxicating liquor or any drug.

Seattle City Attorney. The words "Booked Direct" were written in place of the defendant's signature.[8]

Petitioner Elverston's first trial on December 15, 1987, resulted in a mistrial when the jury was unable to reach a verdict. On March 8, 1988, a second jury trial proceeded on the driving while intoxicated charge before Judge Ron A. Mamiya in Seattle Municipal Court. The excessive speed infraction was tried before Judge Mamiya without a jury.

On March 9, 1988, the jury convicted Petitioner Elverston· of driving while intoxicated. The court dismissed the excessive speed infraction, finding it had merged with the primary charge of driving while intoxicated. On March 22, 1988, petitioner was sentenced to 365 days in jail with 364 days suspended and a $1,000 fine with $500 suspended.

On November 21, 1988, Judge R. Joseph Wesley, King County Superior Court, issued an order affirming Ms. Elverston's conviction.

In her notice of discretionary review to Division One of the Court of Appeals, petitioner for the first time challenged the adequacy of the charging document. She also challenged an evidentiary ruling made by the trial court. On April 26, 1989, Court of Appeals Commissioner William H. Ellis granted review of petitioner's challenge to the adequacy of the charging document, but declined to review the evidentiary ruling.

Petitioner Elverston requests this court to strike a portion of the City's brief as not being supported by evidence in the record. The challenged material provides:

> Since Division I of the Court of Appeals decided *State v. Leach*, 53 Wn. App. 322, [766] P.2d [1116] (1989), defense attorneys in Seattle Municipal Court have stopped requesting clarification of complaints that may be incomplete or unclear. Instead, the practice is now to raise it for the first time after a conviction, asking for a dismissal and citing as authority *State v. Leach*. It is considered malpractice to object to the sufficiency of a complaint prior to trial. Since this request for dismissal occurs immediately after the verdict, it is obvious that

---

[8]Petitioner Elverston was "booked" into the King County Jail. Her signature was thus not necessary.

the alleged defect was known to the defendant at a time when it could have been remedied.

Brief of Respondent, at 10–11.

■ Petitioner Elverston is correct. Cases on appeal are decided only on evidence in the record. *State v. Wilson,* 75 Wn.2d 329, 332, 450 P.2d 971 (1969). *See also Grobe v. Valley Garbage Serv., Inc.,* 87 Wn.2d 217, 228–29, 551 P.2d 748 (1976). In addition, RAP 10.3(a)(5) and 10.3(b), applicable to opening and responding briefs in appellate cases, require that legal arguments be supported by appropriate references to the record. Further, under RAP 10.7, this court may, on its own initiative or on the motion of a party, strike an improper brief. We agree with Ms. Elverston and strike the quoted portion of the City's brief.

Petitioner Elverston asks this court to vacate her conviction for driving while intoxicated, and to dismiss the charge against her because the charging document was not constitutionally sufficient and thus did not vest the trial court with subject matter jurisdiction under the *Holt* rule. She claims that the charging document, a uniform traffic citation signed by the arresting officer and the city attorney, contained neither the correct name of the charged offense nor an accurate reference to the statutory section. She further contends that the differing content requirements for complaints and for citations under CrRLJ 2.1(a)(2) and (b)(3)(iii) violate equal protection guaranties of the state and federal constitutions. This challenge was raised for the first time on appeal to Division One of the Court of Appeals. The matter was transferred to this court without a ruling.

Petitioner Elverston further contends that even though CrRLJ 2.4(b) relieves the prosecutor from the obligation to state a *factual* basis for the charged offense in the citation charging document, neither that rule nor any other express provision relieves the City of Seattle from its duty to specify the statutory elements of the offense charged. She contends that her conclusion is compelled by the constitutional due process requirement that accused persons be

fully informed of the nature of charges against them. *See* Const. art. 1, § 3; Const. art. 1, § 22 (amend. 10); U.S. Const. amends. 5, 6, 14.

This court under the Criminal Rules for Courts of Limited Jurisdiction adopted efficient procedures for initiating misdemeanor charges. CrRLJ 2.1. Those rules replaced the Justice Court Criminal Rules on September 1, 1987.

Under the new rules, charges are initiated in district court by complaint or by citation and notice. CrRLJ 2.1. A law enforcement officer may initiate charges by citation and notice without prior approval of the prosecutor. CrRLJ 2.1(b)(6). The rules provide that *either* a complaint or a citation and notice may be amended at any time before verdict if substantial rights of the defendant are not prejudiced. CrRLJ 2.4(f). The rules also specify that after a complaint or a citation and notice have been filed, "the defendant shall be arraigned thereon". CrRLJ 4.1(a). Under the rules, both a complaint and a citation and notice are final charging documents.

Under CrRLJ 2.1(a)(2), if a criminal proceeding is initiated by a *complaint,* the document must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." CrRLJ 2.1(a)(2). If the charging document is a *citation and notice,* it must state the "date, time, place, numerical code section, description of the offense charged, the date on which the citation was issued, and the name of the citing officer". CrRLJ 2.1(b)(3)(iii). Absent prejudice to substantial rights of the defendant, a citation will not be considered insufficient if it does not contain a definite statement of the essential facts constituting the offense charged. CrRLJ 2.4(b).

A defendant's due process right to notice of the offense charged does not depend upon whether the charging document is a complaint or a citation and notice. The requirement of CrRLJ 2.1(b)(3)(iii) that the citation contain a "description of the offense charged" does not circumvent the constitutional requirement that the citation must

apprise defendants with reasonable certainty of the nature of the accusations against them. *See Grant,* 89 Wn.2d at 686 (citing *Seattle v. Proctor,* 183 Wash. 299, 304, 48 P.2d 241 (1935)). While the Criminal Rules for Courts of Limited Jurisdiction present efficient procedures for initiating prosecution of misdemeanor crimes in courts of limited jurisdiction, application of the rules must not abridge a defendant's constitutional rights.[9]

Misdemeanor defendants have a right to be fully informed of the nature of accusations against them so that they may prepare an adequate defense. *State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978). *See also* Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6. This right is satisfied when defendants are apprised with reasonable certainty of the accusations against them. Under the state and federal constitutions, the charging document must state a criminal offense. Under *Holt,* which cites misdemeanor cases as authority, a complaint does not sufficiently state an offense unless all statutory elements or essential facts constituting the offense are included.

The citation issued to Petitioner Elverston described the offense charged as "DWI" and listed the code section as "11560201c." "DWI" is the acronym for "Driving While Intoxicated," the language in the title of section "A" of SMC 11.56.020, the Seattle Municipal Code section under which petitioner was charged. The code section describes the prohibited conduct. Further, the letters "DWI" have come into common usage as referring to "driving while intoxicated," a phrase which is a complete statement of the statutory elements constituting the offense charged under SMC 11.56.020(A)(1)(c).

---

[9]CrRLJ 1.1 entitled **"SCOPE"** provides:

"These rules govern the procedure in the courts of limited jurisdiction of the State of Washington in all criminal proceedings and supersede all procedural statutes and rules that may be in conflict. They shall be interpreted and supplemented in light of the common law and the decisional law of this state. These rules shall not be construed to affect or derogate from the constitutional rights of any defendant."

Petitioner Elverston contends that "DWI" is an inaccurate description of the offense and that the correct description under SMC 11.56.020(A)(1) is "driving while under the influence of intoxicating liquor or any drug". This contention is without merit. Driving while "under the influence of or affected by intoxicating liquor or any drug" refers to one of several methods of proving "Driving While Intoxicated," as indicated in SMC 11.56.020(A)(1). *See State v. Franco,* 96 Wn.2d 816, 821, 639 P.2d 1320 (1982) (RCW 46.61.502, the driving while intoxicated statute which, in almost identical language to the Seattle code section, defines a single offense committed by alternate means).

■ Petitioner Elverston also contends that the citation is invalid because the code section number on the citation does not include the letter "A." The citation indicates "11560201c," apparently referring to SMC 11.56.020-(A)(1)(c). However, petitioner has not shown that the somewhat incomplete citation prejudiced or in any manner affected her substantial rights. The citation states an offense. Technical defects not affecting the substance of the charged offense do not prejudice the defendant and thus do not require dismissal. *See, e.g., State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983), *overruled on other grounds in State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985); *State v. Ryan,* 34 Wash. 597, 76 P. 90 (1904). CrRLJ 2.4(b) states that:

> [n]o citation and notice . . . shall be deemed insufficient . . . by reason of defects or imperfections which do not tend to prejudice substantial rights of the defendant.

*See also Seattle v. Reel,* 69 Wn.2d 227, 418 P.2d 237 (1966) (challenge to sufficiency of complaint on grounds that misdemeanor citation failed to state the day of month violation occurred, day of issuance of citation, amount of bail, or time, date or place to appear in court, rejected by court because the omissions did not mislead or prejudice defendant). Petitioner Elverston requested neither a clarification of the charge nor a bill of particulars.

 The City contends that under court rules, by proceeding to trial without objecting to the charging document, a defendant waives objection to the sufficiency of a misdemeanor complaint or citation and notice. This is not correct. A challenge to the sufficiency of a charging document because it fails to allege the essential elements of the offense charged may be raised for the first time on appeal. RAP 2.5(a); *Holt,* 104 Wn.2d at 320. *See also* CrRLJ 4.1(d)(3); CrRLJ 7.4(a). However, by failing to request a bill of particulars, Ms. Elverston waived her right to challenge the sufficiency of the citation upon a claim that the citation to the statute was incomplete. *Holt,* at 320. *See also* CrRLJ 2.4(b).

Moreover, the citation and notice issued to Maureen Elverston complies with CrRLJ 2.1(b)(3)(iii) because it does contain the correct code citation and an adequate description of the offense. "DWI" adequately describes the offense of "Driving While Intoxicated."

The City further contends that constitutional guaranties do not mandate identical procedures for both courts of limited jurisdiction and superior courts, recognizing that punishment for misdemeanors is less severe than punishment for felonies.[10] This is correct. Any criminal charging document must sufficiently and completely state an offense. This is necessary to preserve an accused person's constitutional right to due process. This requirement is satisfied by a more simplified procedure in courts of limited jurisdiction. Further, a defendant's right to equal protection of the laws is not violated by the use of citations to initiate prosecutions.

 Although the constitutional requirement for adequate notice is the same whether that notice is given by complaint or by citation and notice, there is a logical basis for reasonably distinguishing between misdemeanor

---

[10]The distinction also recognizes the greater volume of cases filed in courts of limited jurisdiction compared to felonies filed in superior court.

defendants issued citations and those served with complaints. Complaints must be more detailed since they are issued by a prosecutor who was not present at the scene of the crime. Defining the crime with more specificity in a complaint assists a defendant in determining the particular incident to which the complaint refers. *See State v. Carey*, 4 Wash. 424, 433, 30 P. 729 (1892) (crime must be alleged with sufficient specificity to afford an accused person protection against double jeopardy). Citations, however, are generally issued by law enforcement officers who have personal contact with defendants at the scene. Defendants charged by citation are necessarily aware of the particular incidents for which officers are charging them. They presumably know the *facts* underlying their charges. Further, the citation charging procedure permits officers to initiate prosecutions without unjustifiable expense and delay.[11] In addition, the procedure under CrRLJ 2.1(b) facilitates an officer's ability to charge defendants at the scene and then to release those persons for whom jailing is unnecessary. Differing procedures and requirements for charging by complaint and by citation and notice do not violate due process and equal protection rights.

Petitioner Elverston contends that state and federal guaranties of due process are violated by procedures which permit criminal prosecutions to be initiated by persons other than prosecuting attorneys.[12] Petitioner further contends that defendants have a due process right to answer

---

[11]The object or purpose of the Criminal Rules for Courts of Limited Jurisdiction is stated in CrRLJ 1.2:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustifiable expense and delay."

[12]CrRLJ 2.1(b)(1) provides that a citation and notice may be issued by the arresting officer or any other authorized peace officer. Further, under CrRLJ 2.1(b)(6), the citation becomes a lawful charging document for initiating prosecution if signed by the citing officer and filed with the court.

only to those charges which have been screened by prosecuting authorities. However, petitioner cites no applicable authority for her argument.

We affirm Petitioner Elverston's conviction for driving while intoxicated.

The citation issued to Ms. Elverston complies with CrRLJ 2.1(b)(3)(iii) which requires a citation to contain "the date, time, place, numerical code section, description of the offense charged, the date on which the citation was issued, and the name of the citing officer". Misdemeanor citations are constitutionally sufficient if they apprise defendants with reasonable certainty of the nature of the accusations against them.

CALLOW, C.J., UTTER, DOLLIVER, DORE, ANDERSEN, and DURHAM, JJ., and PEARSON, J. Pro Tem., concur.

BRACHTENBACH, J. (concurring)—I concur in the majority opinion. However, I write separately to emphasize that application of the essential elements rule to misdemeanors charged in courts of limited jurisdiction has long been a settled matter in this state's jurisprudence. Misdemeanor charges have been subject to the rule for over 60 years. *See, e.g., Seattle v. Proctor,* 183 Wash. 299, 48 P.2d 241 (1935); *Seattle v. Jordan,* 134 Wash. 30, 235 P. 6 (1925); *State v. Moser,* 41 Wn.2d 29, 246 P.2d 1101 (1952) (gross misdemeanor). *See also State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979).

The rule has been applied to charges tried in courts of limited jurisdiction for nearly 80 years. *See, e.g., State v. Heath,* 57 Wash. 246, 106 P. 756 (1910) (justice court); *State v. Jordan, supra* (police court); *State v. Proctor, supra* (police court); *Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954) (justice court).

In fact, in *Seattle v. Jordan, supra,* at 34–35, this court specifically declined to apply a more liberal rule for pleadings filed in police court.

Neither the State nor the City of Seattle has offered any sound legal basis for overruling this longstanding precedent. Instead, it appears, the underlying concern appears to be that because the law has not been followed, we should change it to protect those convictions subject to attack on the basis that the law was not followed. It goes without saying that this is insufficient reason to change existing law of constitutional magnitude.

I also stress that it is not the defendant's obligation to ensure that the State's charges are sufficient to uphold his or her conviction. If the State initially fails to file sufficient charges, the court rules allow for amendment of the charging document.

I am disturbed, however, by the possibility that a defendant may be well aware at the outset of the proceedings that the charging document fails to state a crime, and yet maintain silence until appeal. When faced with the question whether an indictment sufficiently charges an offense, federal courts have held that "indictments which are tardily challenged are liberally construed in favor of validity." *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099 (1977); *accord, e.g., United States v. Shoup*, 608 F.2d 950, 960 n.19 (3d Cir. 1979); *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir. 1988); *United States v. Freeman*, 813 F.2d 303, 304 (10th Cir. 1987).

I recognize that this state's and the federal applicable rules of appellate review are not congruent. However, I think that in the proper case, with full briefing and argument by the parties, this court should consider whether to apply a stricter standard for reviewing allegedly insufficient charging documents. I do not suggest that we abandon the essential elements rule; rather that in cases where the alleged defect in the charging document is as knowable to the defendant at the outset as on appeal, we consider

adopting an appellate standard of liberally construing the document in favor of validity.

Reconsideration denied March 6, 1990.