[No. 22487-5-I.   Division One.   February 10, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM E. FERRO, *Petitioner*.

196

*L. Stephen Rochon* of *Associated Counsel for the Accused*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Drew Zavatsky, Deputy*, for respondent.

SCHOLFIELD, J. — William E. Ferro appeals his conviction for public indecency. He claims that under *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), the complaint filed against him was constitutionally deficient. We agree and reverse.

On January 13, 1987, a deputy prosecuting attorney for King County signed a form of citation charging Ferro with violation of "RCW 9A.88.010 public indecency".[1] In the space on the form provided for "Description", the notation "(See notes)" appears. The citation states the date of the violation as January 10, 1987. There is no indication on the citation that the "notes" were attached to the citation, nor is there any indication in the record before this court that the "notes" were served or delivered to Ferro at the time he was served with the citation and arrested.

A "Follow-up Report" indicates that only the citation itself was given to Ferro at the time of his arrest. That notation reads:

---

[1]Former RCW 9A.88.010, applicable at the time the act was committed, provides:

"**Public indecency.** (1) A person is guilty of indecent exposure if he makes any open and obscene exposure of his person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm.

"(2) Public indecency is a misdemeanor unless such person exposes himself to a person under the age of fourteen years in which case indecency is a gross misdemeanor."

15:50 hr. 011287 Citation I019253 issued to Ferro via investigation into Federal Way District Court for public indecency. Case closed: One adult male cited.

The parties to this appeal agree that the criminal charge in this case was initiated by a complaint. The citation was not given to Ferro at the scene of the crime, but was served upon him 2 or 3 days later.

The State asserts that the notation "(See notes)" incorporated by reference the offense report number 87-006964, and then relies upon information contained in that report, which included the names, gender, and ages of the two victims; the date and time of the alleged offense; and a brief description of the acts constituting the alleged offense. The offense report is a 1-page document. The State also relies upon two additional documents — the "Follow-up Report" and a statement by one of the victims.

Ferro was found guilty in a bench trial on May 26, 1987, in Federal Way District Court. He then appealed to the superior court, where his conviction was affirmed. Following an application to this court for discretionary review, we stayed proceedings until our Supreme Court decided *State v. Leach, supra.* Following a final decision in *Leach,* we granted discretionary review.

## STATE V. LEACH IS DISPOSITIVE

In *Leach,* the defendant was charged with committing "RCW 9A.88.010 Public Indecency (see case)". *Leach,* at 684. The police report in the *Leach* case was attached to the complaint. *Leach,* at 690. The court found the complaint insufficient because neither the complaint nor the attached police report set forth the fact that one of the alleged victims was under the age of 14. This meant the charging documents did not tell Leach whether he was charged with a misdemeanor or a gross misdemeanor. In the case before us, the State refers to a statement by one of the victims which gives her age as 12. From this, the State argues that Ferro had notice he was charged with a gross misdemeanor.

■ An accused has a constitutional right to be advised in the charging documents of the nature and cause of the accusation against him. U.S. Const. amend. 6; Const. art. 1, § 22 (amend. 10). In *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991),[2] the rule is stated at page 97:

> All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him.

Incorporation by reference of another document is implicitly approved in *State v. Leach, supra*, where the document was attached to the complaint. The *Leach* court found the charging documents deficient only because an essential element was not included in the complaint or the attached police report.

■ The common law doctrine of incorporation by reference has general usage in civil law and is recognized in Washington. The burden of proving incorporation by reference is upon the party claiming it. *Baarslag v. Hawkins*, 12 Wn. App. 756, 760, 531 P.2d 1283 (1975). One of the indispensable elements of incorporation by reference arises out of common sense, and that is the requirement that the incorporated document be described with sufficient specificity that it can be readily and accurately identified as the document intended to be incorporated. *Baarslag*, at 761; 79 Am. Jur. 2d *Wills* § 199 (1975).

In *Commonwealth v. Pope*, 354 Mass. 625, 241 N.E.2d 848 (1968), the allegations of a complaint were incorporated into a search warrant. The Supreme Judicial Court of Massachusetts approved the incorporation because the warrant referred to the "above complaint' ", which was physically attached to the warrant. *Pope*, at 629.

In the facts of the case before us, there was no description of any particular document to be incorporated. "(See notes)" is not a description of an identifiable document. It is

---

[2]While the *Kjorsvik* court expressly declined to consider misdemeanor citations, the reasoning in the opinion gives no indication that the reasoning would be any different in cases such as this one where a misdemeanor is charged in a complaint, as distinguished from a citation.

so broad it could arguably include any document in the prosecutor's file that might be needed to supply an essential element of the crime charged. In trying to defend the validity of the complaint in this case, the State relies upon information in three separate documents, which were not described in the complaint nor attached to the complaint.

The complaint here is clearly insufficient without the documents which could have been supplied to Ferro at the time of his arrest by a specific reference describing the documents and showing an intent to incorporate those documents into the complaint by affixing them to the complaint. The inadequacy of the complaint is clearly shown by a cursory view of the charge as set forth in former RCW 9A.88.010. The complaint before us carries the same vice that caused the *Leach* court to invalidate the complaint in that case.

The State argues on appeal that even if not attached, the documents the State had in mind are documents that are routinely furnished to defendants during pretrial proceedings. Such a hit-and-miss arrangement falls far short of the requirement that essential elements of a crime be set forth in the charging document. *State v. Leach, supra.*

Ferro's conviction is reversed, and the charge against him under former RCW 9A.88.010 is dismissed.

WEBSTER, A.C.J., concurs.

COLEMAN, J. (dissenting) — I agree that the expression "See notes" does not, in itself, serve to incorporate by reference an identifiable document into the complaint. However, in my judgment that is not dispositive. "See notes" puts the defendant on notice that other documents exist which further explain the complaint. This conclusion is consistent with the essential elements rule, whose basic premise is one of notice rather than jurisdiction. As discussed in *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991)

> [t]he primary goal of the "essential elements" rule is to give notice to an accused of the nature of the crime that he or she

must be prepared to defend against. In *Leach*, we noted that defendants are entitled to be fully informed of the nature of the accusations against them *so that they can prepare an adequate defense*.

(Footnotes omitted.)

In this case, Ferro does not contend that he never received the offense report and the follow-up documents, including the witness statement, prior to trial. He does not contend that the documents failed to explain the complaint. He does not even contend that the documents were not attached to the complaint. In this connection, he merely asserts that there is no proof that they were attached. Instead, he argues that the rules do not permit incorporation by reference and that the sufficiency of the complaint must be judged on its face.

It is undisputed that the notes contained the necessary information to satisfy the essential elements rule. Under these circumstances, dismissing the complaint is unjustified when all of the information needed to prepare a defense was readily available to the accused. Dismissal is particularly disturbing when, as in this case, the appellant has challenged the complaint for the first time on appeal.

Ferro easily could have requested that the "notes" be produced. If the notes had not been produced or were insufficient when produced, he could have alleged an insufficient complaint and sought dismissal before the trial court. Because Ferro did not do so and because he first raised this issue on appeal, I would hold that the absence of any showing of prejudice is fatal to his claim and affirm the Superior Court.