24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James R. BLOODGOOD, a single man, Plaintiff-Appellant,
v.
Thurston COUNTY, a governmental entity; District Court of
the State of Washington for Thurston County, a judicial
court; Thurston County Prosecutor, a governmental entity;
et al., Defendants-Appellees.
 No. 93-35879.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James R. Bloodgood appeals the district court's summary judgment for Thurston County, the Thurston County District Court, and the Thurston County Prosecutor's Office ("defendants") in Bloodgood's 42 U.S.C. Sec. 1983 action arising out of Bloodgood's criminal prosecution for indecent exposure.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990), and we affirm.
 
 
 3
 Summary judgment is proper if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Smolen, 921 F.2d at 963.
 
 
 4
 Municipalities are liable for violations of civil rights under 42 U.S.C. Sec. 1983 if such violations result from the execution of a government's policy or custom. Monell v. Department of Social Serv., 436 U.S. 658, 694 (1978). Municipal liability may be established in one of three ways. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 1345 (1993). First, the plaintiff may demonstrate that a municipal employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Id. (quotions omitted). Second, the plaintiff may show that the challenged action itself constitutes an act of official governmental policy because the individual who committed the constitutional tort was an official with final policy-making authority. Id. Third, the plaintiff may show that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. Id. at 1346-47.
 
 
 5
 Bloodgood contends that the district court erred because there is a genuine issue of fact as to whether defendants have a policy or custom of charging criminal defendants with constitutionally deficient complaints. In support of this contention, Bloodgood points to 46 criminal complaints issued by the Thurston County Prosecutor's Office which Bloodgood submitted as evidence in opposition to defendants' motion for summary judgment. Bloodgood asserts that 70% of the complaints are constitutionally deficient and that this demonstrates defendants' policy or custom of charging criminal defendants with constitutionally deficient complaints.
 
 
 6
 In support of their motion for summary judgment, defendants submitted the supplemental affidavit of George Steele, a Thurston County deputy prosecuting attorney, stating that he prepared all but one of the allegedly deficient complaints submitted by Bloodgood and that any deficiencies in the complaints were due to his own inadvertence. He further asserted that defendants do not have a custom or policy of charging criminal defendants with constitutionally deficient complaints.[2]
 
 
 7
 Bloodgood did not present any evidence rebutting Steele's affidavit. Thus, there is no evidence demonstrating that this was an official policy or that this was 'standard operating procedure' of the prosecutor's office. See Gillette, 979 F.2d at 1346. Bloodgood also did not present any evidence that Steele was an official with policy-making authority. See id. Nor did Bloodgood demonstrate that the allegedly deficient complaints were approved practice in the prosecutor's office. See id. Thus, there is no genuine issue of material fact as to whether defendants have a custom or policy of charging criminal defendants with constitutionally deficient complaints. See id. Accordingly, the district court properly granted summary judgment for defendants. See Smolen, 921 F.2d at 963.
 
 
 8
 Moreover, any deficiencies in Bloodgood's charging complaint do not amount to a federal constitutional violation. See Miller v. Stagner, 757 F.2d 988, 994 (9th Cir.1985) (information is not required to specify the requisite mental state).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bloodgood was convicted of three counts of indecent exposure in 1989 and sentenced to 270 days in the Thurston County Jail. In 1990, the charges against Bloodgood were dismissed and his conviction reversed after he challenged the charging complaint on the grounds that it failed to meet the requirements set forth in State v. Leach, 782 P.2d 552 (Wash.1989) (en banc)
 
 
 [2]
 Defendants also submitted affidavits from Judge Dubuisson, the judge who presided over Bloodgood's criminal trial, and deputy prosecuting attorney Greg Rosen, stating that defendants do not have a policy or custom of charging criminal defendants with constitutionally deficient complaints