IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 71838-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| BRIAN MICHAEL SHELLEY, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: June 1, 2015 |

2015 JUN -1 AM 10: 15 COURT OF APPEALS DIV I STATE OF WASHINGTON

BECKER, J. — When charged with the crime of vehicular assault, a defendant receives sufficient notice of the element of causation if the State's information links the defendant's driving to a victim's injury. The information in this case satisfies that requirement. We therefore affirm the conviction but remand for resentencing in light of an offender score issue.

Appellant Brian Shelley was driving down Ewing Road in Langley, Washington, on May 16, 2013, when he lost control of his Isuzu. The Isuzu slid into the opposite lane and collided with a Mini Cooper. A passenger in the Mini Cooper was treated at a local hospital for a broken thumb she suffered in the accident.

The State charged Shelley by information alleging he committed vehicular assault and other crimes. Shelley did not object to the information. He

proceeded to trial and was found guilty of vehicular assault and hit and run. On appeal, Shelley challenges the sufficiency of the information charging vehicular assault.

All essential elements of a crime, statutory and nonstatutory, must be included in a charging document to notify a defendant of the accusation against him. State v. Kjorsvik, 117 Wn.2d 93, 97, 101-01, 812 P.2d 86 (1991). Defendants need to be fully informed of the nature of the accusation "so that they may prepare an adequate defense." State v. Leach, 113 Wn.2d 679, 695, 782 P.2d 552 (1989).

The information used the word "cause" to link Shelley's driving to the passenger's injury, but it did not use the phrase "proximate cause":

> On or about the 16th day of May, 2013, in the County of Island, State of Washington, the above-named Defendant did operate or drive a vehicle (a) in a reckless manner, and cause substantial bodily harm to another, to-wit: [name]; and/or (b) while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and cause substantial bodily harm to another, to-wit: [name]; and/or (c) with disregard for the safety of others and cause substantial bodily harm to another, to-wit: [name]; contrary to Revised Code of Washington 46.61.522(1).

Shelley contends "proximate cause" is a nonstatutory element the State must plead to sustain a conviction for vehicular assault. The State's failure to refer explicitly to "proximate cause" in the information, Shelley argues, entitles him to a new trial.

The elements of vehicular assault are presently defined by statute without using the word "proximate" to qualify the causation element:

> (1) A person is guilty of vehicular assault if he or she operates or drives any vehicle:

2

(a) In a reckless manner and causes substantial bodily harm to another; or

(b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and causes substantial bodily harm to another; or

(c) With disregard for the safety of others and causes substantial bodily harm to another.

RCW 46.61.522(1). To support his claim that "proximate cause" is a nonstatutory element of the crime of vehicular assault, Shelley relies on the presence of that term in the vehicular assault pattern instruction. See 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 91.02, at 266 (3d ed. 2008) (WPIC). The pattern instruction, however, is not based on any case holding that the word "proximate" is essential in a charging document. It simply reflects the understanding that vehicular assault is not a strict liability crime.[1]

Shelley argues that the nuance added by the word "proximate" is essential to inform a defendant that his conduct is not a cause of the alleged harm if an independent or superseding cause exists. We disagree. The State provided adequate notice of the causation element when it alleged that Shelley's driving caused the victim's harm. Vehicular assault defendants do not need to see the word "proximate" in an information to realize that they have a defense if the victim's injury had an independent or superseding cause. See State v. Mee Hui

---

[1]"Before criminal liability is imposed, the conduct of the defendant must be both (1) the actual cause, and (2) the 'legal' or 'proximate' cause of the result." State v. Rivas, 126 Wn.2d 443, 453, 896 P.2d 57 (1995).

In a vehicular assault case, the jury is typically instructed on how to determine the actual cause aspect of causation. See WPIC 90.07, at 259 (defining proximate cause as "a cause which, in a direct sequence [, unbroken by any new independent cause,] produces the [death] [substantial bodily harm], and without which the [death] [substantial bodily harm] would not have happened.")

Kim, 134 Wn. App. 27, 42, 139 P.3d 354 (2006) ("A superseding cause may relieve the actor from liability, irrespective of whether his prior negligence was or was not a proximate cause in bringing about the harm."), review denied, 159 Wn.2d 1022 (2007).

The term "proximate cause" includes "but for" causation which is the physical connection between an act and an injury. State v. Bauer, 180 Wn.2d 929, 936, 329 P.3d 67 (2014). This is the relatively straightforward meaning of "cause" familiar to a person of common understanding. The term "proximate cause" also includes legal causation, the normative judgment of whether liability should attach as a matter of law once cause in fact has been established. Bauer, 180 Wn.2d at 936. Shelley argues that including the word "proximate" in an information is necessary to convey this additional meaning of the statutory causation element that the State is obligated to prove. Again, we disagree. Determining legal causation is a task for a court, not a jury, as it rests on policy considerations. Hartley v. State, 103 Wn.2d 768, 778-80, 698 P.2d 77 (1985). We are aware of no authority holding that legal causation must be specifically alleged.

We conclude that the word "proximate" is not essential to the charge of vehicular assault. The information in this case adequately alleged the element of causation.

Shelley's second issue concerns his sentence. At the sentencing hearing, the prosecutor represented to the court that Shelley's offender score on the charge of hit and run was 7; on the charge of vehicular assault, it was 6. These

scores were based on prior convictions. The prosecutor itemized five prior felony convictions that are listed in the criminal history section of the judgment and sentence. The earliest was second degree malicious mischief committed in 2001 and sentenced on March 1, 2002. The next three felonies were committed in June 2009 and were sentenced on August 3, 2009. The last was a conviction for driving under the influence in 2013.

At the hearing, the prosecutor stated that the standard range was 33 to 43 months for vehicular assault and 43 to 57 months on the hit and run. The court asked whether the defense agreed with the ranges:

> [DEFENSE COUNSEL]: In terms of Mr. Shelley's offender score, Your Honor?
> THE COURT: Yes.
> [DEFENSE COUNSEL]: Yes, Your Honor.

The court imposed a sentence of 57 months at the top of the standard range as recommended by the State.

Shelley contends the sentence should be remanded for a redetermination of the offender score because the State did not prove that the earliest of the prior convictions did not wash out. Class C prior felony convictions wash out—that is, are not to be included in the offender score—if the offender spends the next five years in the community crime-free:

> Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

RCW 9.94A.525 (2)(c).

5

More than seven years elapsed between the date Shelley was sentenced for the 2001 felony and the date he committed the next felony. The record does not provide any details about how long Shelley remained in confinement, if at all, after being sentenced in 2002. Nor does it indicate that he had any misdemeanors during the seven-year period. Therefore, it is possible that the 2001 felony should not have been included in the offender score.

The State has the burden of proving a defendant's criminal history by a preponderance of the evidence. RCW 9.94A.500(1); State v. Ford, 137 Wn.2d 472, 479-80, 973 P.2d 452 (1999); State v. Mendoza, 165 Wn.2d 913, 928-29, 205 P.3d 113 (2009), disapproved of on other grounds by State v. Jones, 182 Wn.2d 1, 338 P.3d 278 (2014). Shelley contends that part of the State's burden is to prove absence of washout.

At the sentencing hearing, Shelley acknowledged the State's calculation of his offender score was correct. The State claims that Shelley's acknowledgment obviated the need to produce evidence supporting that calculation. See Mendoza, 165 Wn.2d at 920 ("This is not to say that a defendant cannot affirmatively acknowledge his criminal history and thereby obviate the need for the State to produce evidence.")

It is true that Shelley did not raise any concern below about the possible washout of the 2001 felony. Nevertheless, Shelley's argument is not without merit. In some circumstances, Washington law permits offenders to challenge criminal history for the first time on appeal. Mendoza, 165 Wn.2d at 919-20. The Supreme Court has emphasized "the need for an *affirmative* acknowledgement

by the defendant of *facts and information* introduced for the purposes of sentencing" before the State will be excused from its burden of providing criminal history. Mendoza, 165 Wn.2d at 928. Shelley implicitly acknowledged the existence of the 2001 felony in his criminal history, but the issue he raises is whether it was properly included in his offender score. The State did not present, and Shelley did not affirmatively acknowledge, the existence of facts and information demonstrating that it did not wash out.

That the State's burden of proof includes the submission of evidence negating the possibility of washout is indicated by State v. Cross, 156 Wn. App. 568, 586-87, 234 P.3d 288 (2010), a case not cited by the parties. We held in Cross that a printout from a case management system was a reliable source "providing sufficient proof to meet the State's burden of proving by a preponderance of the evidence" that the defendant's assault conviction did not wash out. Cross, 156 Wn. App. at 589.

Under these circumstances, Shelley is entitled to a remand for resentencing. At resentencing, the court may consider any appropriate proof relating to the issue whether the 2001 felony washed out. See In re Pers. Restraint of Williams, 111 Wn.2d 353, 362, 759 P.2d 436 (1988).

In a statement of additional grounds, Shelley contends his convictions should be reversed because the trial court denied his request for a continuance to investigate a diminished capacity defense. Shelley also claims he is entitled to a new trial because a juror allegedly encountered the State's trial counsel at a little league coaches' meeting after the second day of trial. Shelley's written

motion to continue was not designated as part of the clerk's papers, and we find no reference in the record to the coaches' meeting. The issues raised in Shelley's statement of additional grounds are therefore not properly before us. State v. Calvin, 176 Wn. App. 1, 26, 302 P.3d 509, 316 P.3d 496 (2013).

Shelley's conviction is affirmed. Remanded for resentencing.

Becker, J.

WE CONCUR:

Trickey, J