[No. 23789–6–I.   Division One.   July 30, 1990.]

THE CITY OF SEATTLE, *Respondent*, v. MARK McKINNEY, *Petitioner*.

*C. Wesley Richards* and *Timothy L. Sell* of *Seattle–King County Public Defender Association,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Jerome Y. Roache, Assistant,* for respondent.

PER CURIAM.—Mark McKinney has moved to modify a commissioner's ruling affirming his conviction for driving while intoxicated. After considering the matter de novo, we grant the motion to modify in part. We deny the City's motion for adoption and publication of the commissioner's ruling, but accelerate review pursuant to RAP 18.12.

McKinney was charged with driving while intoxicated (DWI), Seattle Municipal Code 11.56.020, by a Washington Uniform Abstract of Court Record. The charging document stated the violated code section was "11.56.020(1)(A & B)" and described the offense as "D.W.I.". After a jury trial, McKinney was convicted. He appealed to the superior court raising issues not relevant to this appeal. The conviction was affirmed. McKinney then sought discretionary review in this court. Review was accepted on the issue of constitutionality of the citation.

The sole issue presented is whether the citation issued to McKinney was constitutionally defective when it stated that the ordinance violated was SMC 11.56.020(1)(A & B) and described the offense as DWI.

CrRLJ 2.1(b)(3)(iii) requires that a citation and notice contain the date, time, place, numerical code section, description of the offense charged, the date on which the citation issued and the name of the citing officer. In *State v. Leach,* 113 Wn.2d 679, 782 P.2d 552 (1989), the court held that a citation which listed the code section as "1156020lc" and described the offense as "DWI" complied with the requirements of CrRLJ 2.1(b)(3)(iii) and did not violate due process or equal protection.

McKinney attempts to distinguish *Leach* on the basis that he was charged under SMC 11.56.020(A)(1)(a) rather than SMC 11.56.020(A)(1)(c) and argues that the description "DWI" is not sufficient under that subsection.[1] At the time of McKinney's arrest, SMC 11.56.020 provided in pertinent part:

> A. Driving While Intoxicated.
> 1. A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within the City while:
> a. He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under the provisions of this section; or
> b. He is under the influence of or affected by intoxicating liquor or any drug.

McKinney contends that under SMC 11.56.020(A)(1)(a) it is immaterial whether the person charged is intoxicated as long as his blood alcohol level is greater than 0.10 percent and therefore "DWI" does not give reasonable notice of the crime charged. We disagree.

■■ In *Leach,* the citation issued to appellant Elverston charged her with "DWI" and listed code section "11560201c". She argued that that "DWI" was an inaccurate description, and that the correct description was "driving while under the influence of intoxicating liquor or any drug." The Supreme Court rejected that contention.

> Driving while "under the influence of or affected by intoxicating liquor or any drug" refers to one of several methods of proving "Driving While Intoxicated," as indicated in SMC 11.56.020(A)(1). *See State v. Franco,* 96 Wn.2d 816, 821, 639 P.2d 1320 (1982) (RCW 46.61.502, the driving while intoxicated statute which, in almost identical language to the Seattle code section, defines a single offense committed by alternate means).

*Leach,* at 696. In determining whether a statute describes a single offense which may be committed in more than one way or describes multiple offenses, the court should consider the title of the act, a readily perceivable connection

---

[1]McKinney concedes that the description "DWI" would have been sufficient had he only been charged under SMC 11.56.020(A)(1)(b).

between the various acts set forth, whether the acts are consistent with and not repugnant to each other and whether the acts may inhere in the same transaction. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976); *State v. Franco,* 96 Wn.2d 816, 821, 639 P.2d 1320 (1982). Applying this test to the instant statute, it is clear that it describes a single offense. Thus, the description "DWI" coupled with reference to subsections (a) and (b) of SMC 11.56.020(A)(1) adequately describes the offense of "Driving While Intoxicated" under both subsections. *Leach,* at 697.

Affirmed.