[No. 18541-5-II.   Division Two.   March 1, 1996.]
THE STATE OF WASHINGTON, *Petitioner*, v. JOSE ORTIZ, *Respondent*.

---

*Bernardean Broadous, Prosecuting Attorney,* for petitioner.

*Frederick D. Gentry* and *Bean & Gentry,* for respondent.

SEINFELD, C.J. — A district court jury convicted Jose Ortiz of driving while under the influence of intoxicating liquor. A superior court judge later dismissed the convic-

tion, concluding that the charging citation was constitutionally defective because it failed to state that Ortiz had a blood alcohol level in excess of permissible limits. We hold that the constitution does not require a reference to the driver's blood alcohol level in the citation. Thus, we reverse the superior court and remand for entry of judgment of conviction.

## FACTS

A Washington State Patrol officer cited Ortiz with violating former RCW 46.61.502 (Laws of 1986, ch. 153, § 2), "Driving while under [the] influence."[1] The citation read, "46.61.502 OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICANTS."

At trial, the district court judge instructed the jury to convict Ortiz if it found that he had driven a vehicle while he had "0.10 grams or more of alcohol per two hundred ten liters of breath as shown by accurate analysis" of his breath or if he had driven while "under the influence of or affected by intoxicating liquor." The jury found Ortiz guilty.

Ortiz appealed to superior court, arguing that the citation failed to charge him with all the elements of the crime in that it failed to charge him with driving with 0.10 or more grams of alcohol per 210 liters of breath. The superior court agreed and reversed the conviction.

The State seeks review, arguing that the superior court's decision is in conflict with two Supreme Court decisions, *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), and *City of Auburn v. Brooke*, 119 Wn.2d 623, 836 P.2d 212 (1992). We agree.

## ANALYSIS

Former RCW 46.61.502 provides that a person is guilty

---

[1]Ortiz was cited in 1986. Thus, we refer to the language of former RCW 46.61.502 in effect at that time.

of driving under the influence of intoxicating liquor if he drives a vehicle while:

(1) He has 0.10 grams or more of alcohol per two hundred ten liters of breath, as shown by analysis of his breath, blood, or other bodily substance made under RCW 46.651.506 as now or hereafter amended; or

(2) He is under the influence of or affected by intoxicating liquor or any drug; or

(3) He is under the combined influence of or affected by intoxicating liquor and any drug.

█ The *Leach* court held that the letters "DWI" on a traffic citation were sufficient to charge an offender with every element of the municipal crime of driving under the influence, in violation of SMC 11.56.020(A)(1)(c). *Leach*, 113 Wn.2d at 691. As the *Leach* court noted, the language of SMC 11.56.020(A)(1)(c) was nearly identical to that in former RCW 46.61.502. *Leach*, 113 Wn.2d at 696. Thus, if "DWI" adequately charges an offender under the Seattle ordinance, it is also a sufficient charge under the state statute.

Ortiz attempts to distinguish *Leach,* arguing that it did not involve a contention of driving with a breath alcohol content in excess of statutory limits. Ortiz contends that former RCW 46.61.502(1) sets forth a separate crime with its own distinct elements that must be identified in the charging document.

█ The State must charge the elements of an offense, but it need not charge the alternative methods by which one might commit the offense. *E.g., State v. Noltie,* 116 Wn.2d 831, 842, 809 P.2d 190 (1991). Elements of an offense are those factors (both mental and physical) that a jury must unanimously find to reach a constitutionally valid guilty verdict. *State v. Franco,* 96 Wn.2d 816, 833, 639 P.2d 1320 (1982). Former RCW 46.51.502 describes a single offense that a driver might commit by more than one method. *Franco,* 96 Wn.2d at 821. The jury need not be unanimous as to which method the driver used if there

is substantial evidence supporting each method. *Franco,* 96 Wn.2d at 823. Thus, by definition, blood alcohol level is not an element of the offense of driving while intoxicated that must be charged in the citation.

In *City of Seattle v. McKinney,* 58 Wn. App. 607, 794 P.2d 857 (1990), Division I of this court rejected an argument almost identical to the one Ortiz makes here. McKinney was charged with violating SMC 11.56.020(A)(1)(a) and (b). The citation described the offense as "DWI." At the time of the arrest, SMC 11.56.020 provided, in pertinent part:

> A. Driving While Intoxicated.
>
> 1. A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within the City while:
>
> a. He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under the provisions of this section; or
>
> b. He is under the influence of or affected by intoxicating liquor or any drug.

McKinney conceded that under *Leach,* the citation was sufficient to charge him with violating subsection (b), but claimed that it was not sufficient to charge him with violating subsection (a). *McKinney,* 58 Wn. App. at 609. The *McKinney* court disagreed, holding that the Seattle ordinance describes a single offense of driving under the influence, which may be committed by either driving with an excessive blood alcohol content, as described in subsection (a), or by driving under the influence of intoxicating liquor, as described in subsection (b). *McKinney,* 58 Wn. App. at 609. Thus, it approved the challenged citation. *McKinney,* 58 Wn. App. at 609-10.

Ortiz also argues that the failure of the citation to specify the prohibited blood alcohol level places an undue burden on persons traveling throughout various jurisdic-

tions in the State. His claim that the traveller might confront varying legal limits in various municipalities is no longer a concern. In the recently decided case of *City of Seattle v. Williams*, 128 Wn.2d 341, 908 P.2d 359 (1995), the Supreme Court held that a municipal ordinance that established a maximum blood alcohol level below that of state law was inconsistent with state law and therefore invalid.

We reverse the order of the superior court and remand the matter to district court for further proceedings consistent with this opinion.

MORGAN and ARMSTRONG, JJ., concur.