17 P.3d 674 (2001)
104 Wash.App. 715
STATE of Washington, Petitioner,
v.
Russell GRANT, Respondent.
No. 19032-3-III.
Court of Appeals of Washington, Division 3, Panel Six.
February 8, 2001.
*675 Andrew J. Metts, III, Deputy Pros. Atty., Spokane, for Petitioner.
Charles S. Dorn, Spokane, for Respondent.
SCHULTHEIS, J.
Russell Grant received a traffic citation for driving while intoxicated. At his district court trial, the State submitted the citation as his charging document. The jury was instructed regarding two alternative methods of committing the crime. It reached a verdict of guilty. On review by the superior court, Mr. Grant's conviction was reversed because the citation failed to charge him with all the elements of the two alternatives of the crime. The State seeks discretionary review, arguing the citation contained adequate notice of the elements of the crime. Because we find that the citation contained all the necessary facts of the offense, we reverse the superior court and reinstate the district court judgment and sentence.

BACKGROUND
One evening in February 1998, Officer Timothy Greenfield saw a truck weaving down the road in north Spokane. He activated *676 his emergency lights and honked his horn, but it still took the driver about one-quarter of a mile to pull over into a driveway. The driver, later identified as Mr. Grant, had difficulty putting the truck into gear so that it would not roll into the house attached to the driveway. Officer Greenfield smelled a strong odor of alcohol when he approached the driver's open window, and he noticed that Mr. Grant was having difficulty removing his identification from his wallet. After administering field sobriety tests, the officer decided that Mr. Grant was obviously alcohol-impaired and placed him in custody, advising him of his rights. Mr. Grant took the BAC Verifier DataMaster test at the police station and was determined to have a blood alcohol level of .149 and .152.
Mr. Grant was charged by citation with driving while intoxicated. The citation contained the BAC readings and in the "Offenses" section read "RCW 46.61.502" and "DRIVING WHILE INTOXICATED." After both the State and Mr. Grant had rested their cases at trial, and during discussion of the jury instructions, Mr. Grant objected to the instruction that set forth the elements of the crime. This instruction included two alternatives found in the statute: driving a vehicle with an alcohol concentration of .10 or more within two hours of driving, former RCW 46.61.502(1)(a) (1994),[1] or driving under the influence of or affected by intoxicating liquor, RCW 46.61.502(1)(b). The State responded by arguing that Mr. Grant had waived his objection by waiting until this point in the trial to raise the issue. Because an amendment of the charging citation after the parties had rested their cases would be per se prejudicial, the State continued, it could not offer to amend.
The district court first sustained the objection and limited the instruction to the "driving under the influence" alternative. Upon reconsideration, however, the court reversed itself and overruled the objection on the basis of State v. Ortiz, 80 Wash.App. 746, 911 P.2d 411 (1996). Mr. Grant was convicted and appealed to the superior court. Finding that the complaint was deficient for failing to include the necessary elements of the crime, the superior court reversed and remanded for retrial, or dismissed without prejudice to the refiling of the complaint. We granted the State's motion for discretionary review.

DISCUSSION
In reversing the district court conviction, the superior court judge indicated that the complaint was deficient in failing to set out the elements of the alternate means that were included in the jury instructions. The State contends the citation contains all the necessary elements for charging any of the alternatives for committing the offense of driving while intoxicated. Based on the decisions in State v. Leach, 113 Wash.2d 679, 782 P.2d 552 (1989) and Ortiz, 80 Wash.App. 746, 911 P.2d 411, the State's posture is correct and Mr. Grant's conviction will be reinstated.
Pursuant to the Sixth Amendment to the United States Constitution and article I, section 22 (amend.10) of the Washington Constitution, a charging document must include all essential elements of a crimestatutory and nonstatutoryso as to inform a defendant of the charges against him or her and to allow preparation for the defense. State v. Phillips, 98 Wash.App. 936, 939, 991 P.2d 1195 (2000) (citing State v. Kjorsvik, 117 Wash.2d 93, 101-02, 812 P.2d 86 (1991)). If a charging document does not on its face state an offense, the document is unconstitutional and must be dismissed without prejudice to the State's right to recharge. State v. Vangerpen, 125 Wash.2d 782, 791, 888 P.2d 1177 (1995); Phillips, 98 Wash.App. at 940, 991 P.2d 1195.
Under CrRLJ 2.1, a charge may be initiated in district court by complaint or by citation and notice. Leach, 113 Wash.2d at 694, 782 P.2d 552. If the charging document is a citation, it must contain the date, time, place, numerical code section, description of the charged offense, date of the citation's issuance, and name of the citing officer. CrRLJ 2.1(b)(3)(iii); Leach, 113 Wash.2d at *677 694, 782 P.2d 552. As with any charging document, however, a citation must apprise the defendant with reasonable certainty of the nature of the accusations against him or her. Id. at 694-95, 782 P.2d 552. Mr. Grant's citation contained the date, time, place, name of citing officer, statutory section ("RCW 46.61.502"), and the description of the offense charged ("DRIVING WHILE INTOXICATED"). He contends this description is constitutionally insufficient to put him on notice that he may face any one or more of the three alternate means of committing the crime.
A person is guilty of driving under the influence of intoxicating liquor if the State can show either that the person, within two hours of driving, has .10 grams or more of alcohol per 210 liters of breath, former RCW 46.61.502(1)(a) (1994), RCW 46.61.506(2); is under the influence of or affected by intoxicating liquor or any drug, RCW 46.61.502(1)(b); or is under the combined influence of or affected by intoxicating liquor and any drug, RCW 46.61.502(1)(c). Ortiz, 80 Wash.App. at 748, 911 P.2d 411, faced a similar challenge to a citation that included the general statutory section ("RCW 46.61.502") and the description ("OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICANTS"). The Ortiz court noted that Leach, 113 Wash.2d at 696, 782 P.2d 552, held that the letters "DWI" on the charging citation were sufficient to charge an offender with all the elements of the crime under a municipal code, and were therefore sufficient to charge under the state statute. Ortiz, 80 Wash.App. at 749, 911 P.2d 411. It follows that if "DWI" and the statutory section are sufficient to apprise a defendant of the charges against him or her, then "DRIVING WHILE INTOXICATED" and the statutory section are even more adequate.
While the State must charge the elements of an offense, it need not charge the alternate means by which one might commit the offense. Ortiz, 80 Wash.App. at 749, 911 P.2d 411 (citing State v. Noltie, 116 Wash.2d 831, 842, 809 P.2d 190 (1991)). In an alternate means case, when an offense may be committed in more than one way, jury unanimity is not required. Noltie, 116 Wash.2d at 842, 809 P.2d 190. Accordingly, the State need not elect between alternative means of committing a crime in a charging document. Id. The record here shows that the State presented evidence supporting former RCW 46.61.502(1)(a) (1994) (BAC results of .149 and .152, exceeding .10 limit) and RCW 46.61.502(1)(b) (field sobriety tests, smell of alcohol, watery eyes), the two alternative means included in the jury instructions. Because the jury did not need to be unanimous as to which method Mr. Grant used to commit the offense, the blood alcohol level was not an element that had to be specifically charged in the citation. Ortiz, 80 Wash.App. at 749-50, 911 P.2d 411.
Mr. Grant asserts that this court must strictly construe the charging citation because he challenged it at trial. It is true that when a defendant challenges the sufficiency of a charging document, the standard of review depends on the timing of the objection. Phillips, 98 Wash.App. at 940, 991 P.2d 1195. If the sufficiency of the charging document is challenged before the State rests, the case must be dismissed if the document omits an essential element of the crime. Id. (citing State v. Johnson, 119 Wash.2d 143, 150, 829 P.2d 1078 (1992)). Throughout the pretrial period up until the State rests its case, the State may amend the information to correct any defect. Id. at 940-41, 991 P.2d 1195 (citing Vangerpen, 125 Wash.2d at 789, 888 P.2d 1177). After the State has rested, however, the document may not be amended unless to a lesser degree of the same crime or to a lesser included offense. Id. at 941, 991 P.2d 1195. Consequently, a challenge to the sufficiency of a charging document after the State has rested faces a more liberal standard of review. Id. at 940, 991 P.2d 1195. In such a case we ask whether the necessary facts appear in any form or can be found by fair construction in the document; and, if so, whether the defendant can show that he or she was actually prejudiced by the inartful language. Id. (citing Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86).
Mr. Grant challenged the charging citation after both the State and the defense had rested. The prosecutor and the court *678 discussed the possibility of an amendment and decided that such an amendment, as the court said, would be "fatal." Clerk's Papers at 277. The liberal standard of review is appropriate to these circumstances. Under this standard, both Leach and Ortiz tell us that the statutory citation and the statement "DRIVING WHILE INTOXICATED" contain the necessary facts of the offense. Mr. Grant did not address the prejudicial effect of the claimed inadequacy of the citation. Considering the fact that the citation also contained the BAC readings, and in light of the substantial testimony at trial concerning the accuracy of the BAC test and the meaning of its results, Mr. Grant was clearly on notice that he faced that alternative as well as the "under the influence" alternative of the crime.
The superior court decision is reversed and the district court judgment and sentence are reinstated.
KURTZ, C.J., and SWEENEY, J., concur.
NOTES
[1] Amendment of the statute in 1998 reduced the blood alcohol limit from .10 to .08. Laws of 1998, ch. 213, § 3.