[No. 60651-4-I. Division One. July 20, 2009.]

THE CITY OF BOTHELL, *Respondent*, v. MARTIN F. KAISER, *Petitioner*.

468

*Helmut Kah*, for petitioner.

*Joseph N. Beck, City Attorney*, and *Rhonda Giger, Assistant*, for respondent.

¶1 AGID, J. — Martin Kaiser appeals his conviction for one count of violation of a no contact order. He contends

that the trial court erred by denying his motion to dismiss because neither the original citation nor the amended complaints sufficiently identified the order he allegedly violated and therefore failed to inform him of the essential elements of the charge. He further contends that the amended complaints should have been dismissed because they were filed after the statute of limitations period had expired. Because the citation failed to identify the specific order Kaiser allegedly violated, it lacked an essential element of the charge. Thus, the amended complaints that were filed after the statute of limitations period had run should have been dismissed because there were no charges to which they could relate back. Accordingly, we must reverse.

## FACTS

¶2 On January 11, 2006, the city of Bothell (City) issued a citation to Martin Kaiser, charging him with a violation of a no contact order. It identified the violation date as March 30, 2004, and the location as "19 217th PL. SE[,] BOTHELL[,] SNO." It further stated that Kaiser

DID THEN AND THERE COMMIT EACH OF THE FOLLOWING OFFENSES[:]

1. Violation/Statute Code

RCW 26.50.110 [X] DV

VIOLATION OF A NO CONTACT ORDER

The citation was signed by the prosecutor, an assistant city attorney.

¶3 On January 12, 2006, the trial court issued a summons/subpoena/notice directing Kaiser to appear for arraignment on February 24, 2006. On April 13, 2006, the City filed an amended complaint alleging:

The above-named defendant is hereby accused of the crime of violation of no contact order, committed as follows:

That the defendant, in the City of Bothell, WA, on or about March 30, 2004,

–knowingly violated the provisions of a no contact order which stated that violation of the order is a criminal offense under Chapter 10.99 RCW, and Chapter 26.50 RCW and will subject the violator to arrest;

Contrary to RCW 26.50.110 and against the peace and dignity of the State of Washington.

¶4 On April 19, 2006, the case came on for trial and Kaiser moved to dismiss, challenging the sufficiency of the charges. Kaiser argued that the citation and amended complaints failed to include the essential elements of the crime, were filed after the statute of limitations had run, and therefore did not relate back to when the defective citation was filed. The trial court denied the motion, ruling that the original citation was not "so inadequate as to be defective as a matter of law." The court then allowed the City to further amend the complaint by adding the following language: "To wit: by being at Jodi Kaiser's residence and by having actual contact with her."

¶5 At the trial court's suggestion, Kaiser then agreed to submit the case to the court for a decision on the police reports. In doing so, he expressly reserved for appeal his challenge to the sufficiency of the charges. The court then reviewed the police reports, entered a verdict of guilty, and imposed a 10 day jail sentence and a $500 fine.

¶6 Kaiser moved for arrest of judgment, which was denied. Kaiser then filed a RALJ appeal to the superior court. The superior court entered a decision on RALJ appeal, affirming the judgment and sentence and ruling:

The court finds that the citation was filed within the statute of limitations and that therefore there was no statute of limitations violation. The amended complaints provided additional details and did not amend the charge to a different charge. The additional details alleged sufficient facts to support the essential elements of the crime charged. There was no evidence of surprise/prejudice and no request for a bill of particulars.

Kaiser moved for discretionary review, which was granted by this court.

## DISCUSSION

¶7 Criminal defendants have a right to be fully informed of the nature of accusations against them so that they may prepare an adequate defense.[1] Both the state and federal constitutions require that the charging document state a criminal offense.[2] "[T]he 'essential elements' rule requires that a charging document allege facts supporting every element of the offense, in addition to adequately identifying the crime charged."[3] Omitting an essential element from the charging document violates a defendant's due process right to be informed of the charges.[4]

### I. Standard of Review

¶8 The standard of review for evaluating the sufficiency of a charging document is determined by when the sufficiency challenge is made.[5] These different standards of review "encourage prosecuting attorneys to file sufficient complaints, and also encourage defendants to make timely challenges to defective charging documents to discourage 'sandbagging.' "[6] When a charging document is not challenged until after the verdict, it must be more liberally construed in favor of validity than those challenged before or during trial.[7] Otherwise, the defendant has no incentive to make a timely challenge because a successful objection might result only in an amendment or dismissal without prejudice followed by a refiling of the charge.[8] In those

---

[1] *State v. Leach*, 113 Wn.2d 679, 695, 782 P.2d 552 (1989).

[2] *Id.*

[3] *Id.* at 689 (emphasis omitted).

[4] *Id.* at 690.

[5] *State v. Borrero*, 147 Wn.2d 353, 360, 58 P.3d 245 (2002).

[6] *Id.* (quoting *State v. Taylor*, 140 Wn.2d 229, 237 n.32, 996 P.2d 571 (2000)).

[7] *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991).

[8] *Id.* at 103.

cases, the reviewing court decides whether there is at least some charging language that gives notice of the allegedly missing elements and whether there was actual prejudice to the defendant.[9]

■ ■ ¶9 But if the defendant challenges the charging document before the verdict, " 'the charging language must be strictly construed' "[10] and the defendant need not show prejudice from the defective information.[11] Rather, courts apply a "bright line rule mandating dismissal of defective informations challenged before trial," a rule that "is workable and not unduly harsh, given the liberal amendment rule and the ease with which prosecutors can discern the elements of most common crimes."[12] Here, Kaiser challenged the original citation and both amended complaints before trial. Thus, we apply the strict construction standard.

■ ■ ¶10 The City relies on CrRLJ 2.1(a)(2) to argue that Kaiser must show prejudice. The last sentence of that rule states, "Error in the citation or its omission shall not be ground for dismissal of the complaint or for reversal of a conviction if the error or omission did not mislead the defendant to his or her prejudice." In *State v. Leach*, the court concluded that a *citation* for driving while intoxicated was sufficient because it stated an offense and did not prejudice the defendant.[13] In doing so, the court referenced former CrRLJ 2.4(b) (1987), which is similar to the current rule the City relies on, and stated, " '[N]o citation and notice . . . shall be deemed insufficient . . . by reason of defects or imperfections which do not tend to prejudice substantial rights of the defendant.' "[14]

---

[9] *Id.* at 106.

[10] *Borrero*, 147 Wn.2d at 360 (quoting *Taylor*, 140 Wn.2d at 237).

[11] *State v. Johnson*, 119 Wn.2d 143, 149, 829 P.2d 1078 (1992).

[12] *Id.* at 150.

[13] 113 Wn.2d 679, 696, 782 P.2d 552 (1989).

[14] *Id.* (alterations in original) (quoting former CrRLJ 2.4(b)).

¶11 But *Leach* also held that a *complaint* for public indecency was defective because it omitted the victim's age, an "essential elemental fact," without discussing prejudice.[15] The City concedes that the citation issued in this case is actually a complaint because it was signed and issued by the prosecutor, not a police officer. The rule does not require a showing of prejudice to obtain dismissal where, as here, the claimed error is in a complaint, not a citation. The rule simply requires that the complaint "be a plain, concise and definite written statement of the essential facts constituting the offense charged."[16] As discussed above, we review the sufficiency of a *complaint* under the strict construction standard because it was challenged before the verdict.

¶12 The City also argues that strict construction is not required because Kaiser had pretrial access to all of the important facts of the case and was therefore fully apprised of the charges. The City asserts that "[e]ven *Leach*, the seminal case with respect to amended complaints, concedes that if the missing information had been available in the police report provided to the defendant, he would have been fully apprised of the charge." But this distorts the *Leach* opinion. The court noted that the missing element was not contained either in the complaint on its face or in the police report, which was attached to the complaint and was specifically incorporated by the complaint.[17] The court then concluded that "[t]he State's failure to include in *the charging document* the [missing] essential elemental fact" was an "omission[ ] of matters 'necessary to a plain, concise and

---

[15] *Id.* at 690. The *Leach* court did not actually articulate the standard of review it was applying. But in *Kjorsvik*, the court later articulated the distinction between postverdict and preverdict challenges to charging documents and the different standards of review. 117 Wn.2d at 105. The court then applied the standard to a preverdict challenge in *Johnson*, which established the "bright line rule" mandating dismissal of defective charging documents challenged before trial without inquiring into prejudice. 119 Wn.2d at 150.

[16] CrRLJ 2.1(a)(2).

[17] 113 Wn.2d at 690.

definite statement of the essential facts' " constituting the charged crime.[18]

¶13 Finally, the City argues that the case law requires that the defendant request a bill of particulars to preserve a challenge to the sufficiency of the evidence. But the cases upon which the City relies do not apply here. Those cases involved postverdict vagueness challenges to the charging language where the court held that the defendant must request a bill of particulars to preserve the vagueness issue for appellate review. As the court clarified in *Leach*, a vagueness challenge is different from a constitutional sufficiency challenge to a charging document.[19] A constitutionally defective information omits essential elements; a vague information states the elements but is vague about some other significant matter.[20] Here, Kaiser does not raise a vagueness issue. He challenges the constitutional sufficiency of the charges, contending that essential elements were omitted from the charging document. Thus, he was not required to request a bill of particulars to preserve this issue for appeal.

## II. Sufficiency of the Charges

¶14 Kaiser contends that under the strict construction standard, neither the original citation nor the two amended complaints complied with the essential elements rule. "If a misdemeanor citation or complaint omits a statutory element of the charged offense, the document is constitutionally defective for failure to state an offense and is subject to dismissal."[21] The charging document need not list every element of a crime; rather, it must allege suffi-

---

[18] *Id.* (emphasis added).

[19] *Id.* at 686-87; *see also State v. Noltie*, 116 Wn.2d 831, 843, 809 P.2d 190 (1991) ("Washington courts have repeatedly distinguished informations which are constitutionally deficient and those which are merely vague.").

[20] 113 Wn.2d at 686-87.

[21] *Id.* at 687.

cient facts to support every element of the crime charged in addition to adequately identifying the crime charged.[22]

¶15 Kaiser argues that under *City of Seattle v. Termain*,[23] the citation and amended complaints were constitutionally defective because they omitted an essential element of the crime of violation of a no contact order by failing to identify the actual order he was charged with violating. In *Termain*, we held that a complaint alleging a misdemeanor violation of a domestic violence order must identify the order alleged to have been violated, or must include other sufficient facts to apprise the defendant of the actions supporting the charges to satisfy the essential elements rule.[24] As we explained:

> In domestic violence cases, the culpable act necessary to establish the violation of a no-contact order is determined by the scope of the predicate order. The no-contact order is essential to prosecute the violation of the order. A conviction cannot be obtained without producing the order as it will identify the protected person or location and any allowance for contact or the expiration date.[25]

¶16 There, the charging document simply recited the language of the statute addressing all orders prohibiting contact but did not identify the specific statute under which the order alleged to have been violated was issued. Nor did it identify the number of the order, the date of issuance, the name of the protected person, or any other facts about the underlying order.[26] Even applying the liberal construction standard,[27] we concluded that absent this information, the defendant could not fairly imply what actual conduct was

---

[22] *Id.* at 688-89.

[23] 124 Wn. App. 798, 103 P.3d 209 (2004).

[24] *Id.* at 804-06.

[25] *Id.* at 804 (footnote omitted).

[26] *Id.* at 806.

[27] The defendant in *Termain* challenged the complaint for the first time on appeal. *Id.* at 801.

being charged and had to guess at the crime he was alleged to have committed.[28]

¶17 Likewise here, the citation did not contain any information identifying the no contact order alleged to have been violated or the protected person. Nor did it contain any additional information about the facts underlying the charge other than the date and location. Thus, strictly construed (and even under the liberal standard applied in *Termain*), it did not identify the specific order that was allegedly violated or the scope of that order and therefore lacked essential elemental facts of the charged crime.

¶18 Nor does the first amended complaint contain the essential elements of the crime as required by *Termain*. While the amended complaint included additional language that Kaiser knowingly violated the order and that the order stated that a violation of its terms is a criminal offense and will subject him to arrest, and cited the relevant statutes, it still did not identify the order as required by *Termain*. The amended complaint did not state the date, court of issuance, or name of the protected person, or allege other facts identifying the specific order allegedly violated, other than it was one that included criminal penalties for its violation.

¶19 Kaiser further contends that the second amended complaint does not remedy this defect. He argues that while it contains additional facts identifying the protected person and the nature of the contact, it still fails to otherwise identify the specific order allegedly violated or define its scope by stating the date and court of its issuance. The City argues that under *Termain*, it was sufficient because it identified the protected person. The City quotes *Termain*'s holding that "where there is no reference to the identity of the victim *or* to the underlying domestic violence order *or* facts of the crime, the information lacks an

---

[28] *Id.* at 806.

essential element,"[29] and argues that so long as one of these facts is stated in the complaint, it contains the essential element of the fact of the underlying order. While this is a fair reading of the *Termain* opinion, we agree with Kaiser that even if the amended complaints stated the essential elements, they should have been dismissed because they were filed after the statute of limitations had run.[30] Because the original citation was constitutionally defective, there are no charges to which the amended complaints can relate back.[31]

¶20 In *State v. Sutherland*, the court dismissed an information omitting an essential element and held that the State could not use the relation-back doctrine to refile and add charges that were barred by the statute of limitations.[32] In *Sutherland*, the State charged the defendant with felony hit and run a few days before the statute of limitations had run.[33] Almost one year later, the State filed an amended information adding charging language that the defendant's acts resulted in an injury.[34] The court held that the original information was constitutionally deficient because it omitted an essential element and that the amended information alleging the injury offense was time barred by the statute of limitations.[35] The court further held that the State could not rely on the relation-back doctrine to refile the injury accident offense based on the time the State originally charged him with felony hit and run, which was within the statute of limitations. As the court explained, "Although the State timely filed the original information, it

---

[29] *Id*. at 805 (emphasis added).

[30] The statute of limitations for gross misdemeanors is two years from the date of violation. RCW 9A.04.080(1)(i). Here, the date of violation was March 30, 2004, but the amended complaints were not filed until April 13, 2006, and April 19, 2006.

[31] *State v. Sutherland*, 104 Wn. App. 122, 15 P.3d 1051 (2001).

[32] 104 Wn. App. 122, 134, 15 P.3d 1051 (2001).

[33] *Id*. at 126.

[34] *Id*.

[35] *Id*. at 134.

was defective and, thus, failed to charge a crime. Consequently, there is no information to relate back to."[36]

¶21 Likewise here, the original citation was filed within the statute of limitations but was constitutionally defective because it omitted an essential element. Thus, it failed to charge a crime, and there was no charging document to which the amended charges could relate back when the City later filed the amended complaints. Therefore, the amended complaints should have been dismissed as time barred by the statute of limitations, and the trial court erred by failing to do so.[37]

 ¶22 Kaiser acknowledges that the usual remedy for a defective complaint is dismissal without prejudice.[38] But he contends that if the amended complaints do not relate back to the filing of the citation, the charges should be dismissed with prejudice because they cannot be refiled within the statute of limitations. *Sutherland* held that the charges and conviction must be dismissed without prejudice. But we agree with Kaiser that the practical effect of *Sutherland*'s holding that the relation-back doctrine did not allow the State to refile charges beyond the statute of limitations period is to dismiss the charges with prejudice.

---

[36] *Id.*

[37] The commissioner's ruling questions whether *Sutherland* applies here, noting that in *State v. Warren*, 127 Wn. App. 893, 899, 112 P.3d 1284 (2005), *review denied*, 156 Wn.2d 1022 (2006), this court disagreed with *Sutherland*. But *Warren* did not question the *Sutherland* court's conclusion that the relation-back doctrine did not apply because the original information was defective. Rather, the *Warren* court declined to follow *Sutherland*'s additional holding that an amendment to add the injury accident would impermissibly broaden the original charge because the legislature clearly indicated that these were two different offenses with different statutes of limitation and different penalties. *Id.* ("[t]he *Sutherland* 'different offense' analysis is dicta, is inconsistent with [*State v.*] *Eppens*[, 30 Wn. App. 119, 633 P.2d 92 (1981)] and the federal cases, and we decline to adopt it" (footnote omitted)). The *Warren* court commented that given its holding on the relation-back issue, it was unnecessary for the *Sutherland* court to decide whether the amendment broadened the original charge. *Id.* at 898.

[38] *Sutherland*, 104 Wn. App. at 133 (citing *State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992); *State v. Markle*, 118 Wn.2d 424, 440-41, 823 P.2d 1101 (1992); *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982)).

¶23 We therefore reverse and dismiss the charges with prejudice.

GROSSE and BECKER, JJ., concur.