# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71818-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREA LYNN LISTER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 24, 2015 |
| | ) | |

VERELLEN, J. — The State charged Andrea Lister with one count of felony stalking, one count of fourth degree domestic violence assault, one count of fourth degree assault, and one count of violation of a court order. At trial, the State presented evidence that Lister violated the terms of several protective orders issued against her. The jury found Lister not guilty of fourth degree assault but guilty on the remaining counts.

On appeal, Lister contends that the information was constitutionally defective for failing to identify the specific order she violated, that a unanimity instruction was required to ensure that the jury agreed on the particular protective order and the particular conduct that violated the protective order; and that her convictions for violation of a protective order and felony stalking violated double jeopardy because they were based on the same conduct.

We conclude that the charging document included sufficient facts to apprise Lister of the felony stalking charge. No election or unanimity instruction were required because the continuing course of conduct exception applies. And because her convictions for violation of a protective order and felony stalking are not based on the same conduct, they do not violate double jeopardy.

We affirm.

## FACTS

Lister met Daniel Wiseman when she picked up recycling at his store in 2008. Wiseman befriended Lister. In July 2010, they started an intimate relationship. For about two months, Lister stayed at Wiseman's home. On one occasion, Wiseman returned from a business trip to discover that Lister had moved her belongings into his home and changed the locks. Wiseman asked Lister to leave, and she did.

Soon after Lister moved out of Wiseman's home, her behavior turned erratic. Lister began incessantly calling Wiseman at his work "four or five nights a week."[1] Even after Wiseman told Lister to stop coming into his store, Lister showed up several nights a week. Wiseman attended three business conferences each year. He did not tell Lister about these conferences or where they were held, but Lister still called his hotel many times. He would "hang up and she'd call right back."[2] Lister broke the receiver on the intercom system at Wiseman's home. On another occasion, Wiseman picked up his friend Shirley Honey at the airport. When they arrived at the condominium building where they separately lived, Lister confronted Wiseman and Honey in the lobby. Lister

---

[1] Report of Proceedings (RP) (Mar. 27, 2014) at 63.

[2] Id. at 65.

screamed at them. Lister blocked the elevator doors from closing and pushed Honey's hand away from the elevator buttons. Lister screamed at Wiseman and slapped him multiple times. Honey and Wiseman both called 911. Lister also grabbed Wiseman's cell phone and ran away.

Several protective orders were issued against Lister by both the superior court and municipal court prohibiting her from contacting Wiseman and from coming near his home or workplace. Despite the protective orders, Lister repeatedly called Wiseman at his home and workplace and sent him several letters.

In May 2012, Wiseman was admitted into Swedish Hospital for a medical procedure. Lister entered his room multiple times. For several months in mid-2012, Lister called Wiseman on his cell phone and at work, sometimes "five, six, seven [times] a day."[3] Wiseman changed his home phone number, but Lister "had the [new] phone number within three days."[4] Lister continued to frequent Wiseman's business and send mail to his home. In August 2012, Lister approached Wiseman as he picked up a woman to go out for dinner. Lister confronted the woman and yelled at her.

The State charged Lister with one count of felony stalking. For the stalking charge, the charging period was between "November 10, 2011 and June 1, 2013."[5] The State charged one count of violation of a protective order, alleging that between "September 10, 2011 and October 13, 2011," Lister violated the terms of an August 25, 2011 protective order issued by the municipal court.[6] The State also charged Lister with

---

[3] Id. at 133.

[4] Id. at 136.

[5] CP at 1.

[6] CP at 2.

3

one count of fourth degree domestic violence assault and one count of fourth degree assault.

For the stalking charge, Lister did not request and the trial court did not issue a unanimity instruction requiring the jury to agree on the particular protective order she violated and the particular conduct that violated the order. Nor did the State make an election. The jury acquitted on the fourth degree assault charge, but found Lister guilty on all other charges.

Lister appeals.

## ANALYSIS

### Sufficiency of Charging Document

Lister contends the information charging her with felony stalking is inadequate for failure to identify the particular protective order that she violated. We disagree.

We review a challenge to the sufficiency of a charging document de novo.[7] Because Lister challenges the sufficiency of the charging document for the first time on appeal, we liberally construe the information in favor of validity.[8] As long as the necessary facts appear "in any form, or by fair construction can they be found" in the information, and the defendant suffers no actual prejudice, the information is constitutionally sufficient.[9]

---

[7] State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

[8] State v. Kjorsvik, 117 Wn.2d 93, 102, 105, 812 P.2d 86 (1991).

[9] Id. at 105-06.

The charging document must include all of a crime's essential elements.[10] "Essential elements" are "'those facts that must be proved beyond a reasonable doubt to convict a defendant of the charged crime.'"[11] "The charging document need not list every element of a crime."[12] But the charging document must identify the crime charged and sufficient facts supporting each element of the offense.[13] There is no additional requirement that the State allege facts beyond those that support the elements of the crime charged or that the State describe the facts with great specificity.[14]

The "essential elements rule" is grounded in a constitutional due process requirement that "criminal defendants be informed of the accusations against them."[15] "Notice is provided through the information."[16] The rule's purpose is to sufficiently apprise the defendant of the charges so that he or she may prepare a defense.[17]

Lister was charged with and convicted of felony stalking. The information stated

> [t]hat the defendant ANDREA L[.] LISTER in King County, Washington, between or about November 10, 2011 and June 1, 2013, did, without lawful authority, intentionally and repeatedly harass or follow Daniel Calvin Wiseman; and Daniel Calvin Wiseman was reasonably placed in fear that the defendant intended to injure Daniel Calvin Wiseman, or another person, or property of Daniel Calvin Wiseman, or property of another person; and the defendant either (i) intended to frighten, intimidate, or

---

[10] State v. Borrero, 147 Wn.2d 353, 359, 58 P.3d 245 (2002) (quoting State v. Taylor, 140 Wn.2d 229, 236, 996 P.2d 571 (2000)).

[11] State v. Zillyette, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (quoting State v. Powell, 167 Wn.2d 672, 683, 223 P.3d 493 (2009)).

[12] City of Bothell v. Kaiser, 152 Wn. App. 466, 474, 217 P.3d 339 (2009).

[13] Kjorsvik, 117 Wn.2d at 98; State v. Leach, 113 Wn.2d 679, 689, 782 P.2d 552 (1989).

[14] State v. Winings, 126 Wn. App. 75, 85, 107 P.3d 141 (2005).

[15] Borrero, 147 Wn.2d at 359.

[16] State v. Kosewicz, 174 Wn.2d 683, 691, 278 P.3d 184 (2012).

[17] Id.

harass Daniel Calvin Wiseman, or (ii) knew or reasonably should have known that he was afraid, intimidated, or harassed even if the defendant did not intend to place Daniel Calvin Wiseman in fear or intimidate or harass Daniel Calvin Wiseman; and *the stalking violates any protective order* protecting Daniel Calvin Wiseman.[18]

RCW 9A.46.110 defines the essential elements of stalking. A person commits the crime of stalking if without lawful authority if

(a) He or she intentionally and repeatedly harasses or repeatedly follows another person; and

(b) The person being harassed or followed is placed in fear that the stalker intends to injure the person, another person, or property of the person or of another person. The feeling of fear must be one that a reasonable person in the same situation would experience under all the circumstances; and

(c) The stalker either:

(i) Intends to frighten, intimidate, or harass the person; or

(ii) Knows or reasonably should know that the person is afraid, intimidated, or harassed even if the stalker did not intend to place the person in fear or intimidate or harass the person.[19]

Stalking becomes a felony offense if "the stalking violates *any protective order* protecting the person being stalked."[20] The information expressly recites that Lister's stalking violated "any protective order protecting Daniel Calvin Wiseman."[21]

Lister relies heavily upon cases applying the essential elements rule to the crime of violation of a protective order, not felony stalking.[22] Unlike a violation of a protective

---

[18] CP at 1 (emphasis added).

[19] RCW 9A.46.110(1).

[20] RCW 9A.46.110(5)(b)(ii) (emphasis added).

[21] CP at 1.

[22] See Kaiser, 152 Wn. App. at 476; City of Seattle v. Termain, 124 Wn. App. 798, 799-800, 103 P.3d 209 (2004).

order, felony stalking requires a "course of conduct" by the defendant. The two crimes are not equivalent. But even ignoring those differences, the violation of a protective order cases do not support Lister's contentions.

In City of Seattle v. Termain, this court addressed which facts the State must include in an information charging a violation of a protective order.[23] This court held that a "charging document alleging a violation of a domestic violence order must identify the order the defendant is alleged to have violated, *or* at least include sufficient facts to apprise the defendant of his or her actions giving rise to the charge(s)."[24] Confirming Termain, this court in City of Bothell v. Kaiser concluded that the document charging violation of a protective order was deficient because it "did not identify the specific order that was allegedly violated or the scope of that order," did not recite "any additional information about the facts underlying the charge," and did not identify the protected person.[25]

The use of the disjunctive conjunction "or" in Termain reveals that a charging document need not identify the specific protective order violated as long as it includes sufficient facts apprising the defendant of the charge.

Under a liberal construction standard, the information here included sufficient facts to apprise Lister of the felony stalking charge. The information identified Wiseman as the victim, the charge that Lister faced, the elements of felony stalking, the relevant statutory reference for felony stalking, and the charging period. The

---

[23] 124 Wn. App. 798, 103 P.3d 209 (2004).

[24] Id. at 799-800 (emphasis added).

[25] 152 Wn. App. 466, 476, 217 P.3d 339 (2009).

information parrots specific provisions of the felony stalking statute.[26] The information apprised Lister that her conduct violated "any protective order" protecting Wiseman, consistent with RCW 9A.46.110. Although the information did not include the specific protective order that she allegedly violated, it did include the victim's identity and sufficient facts apprising Lister of the crime.

Additionally, under the applicable liberal standard, Lister fails to argue or establish how she was "actually prejudiced by the inartful language" in the information.[27] The information put Lister on notice of the elements of felony stalking and allowed her to prepare an adequate defense. Therefore, we conclude the information is constitutionally sufficient.

*Jury Unanimity*

Lister contends a unanimity instruction was required to ensure that the jury agreed on the particular protective order she violated and her particular conduct that violated the order. We disagree.

Lister did not raise the unanimity instruction issue below. But she "may raise it for the first time on appeal, as it concerns an alleged manifest constitutional error."[28]

In Washington, a criminal defendant may be convicted only if the jury unanimously concludes the defendant committed the criminal act with which she was charged.[29] When the evidence indicates that several distinct criminal acts have been committed but the defendant is charged with only one count of criminal conduct, the jury

---

[26] Leach, 113 Wn.2d at 686.

[27] Kjorsvik, 117 Wn.2d at 105-06.

[28] State v. Furseth, 156 Wn. App. 516, 519 n.3, 233 P.3d 902 (2010).

[29] Id. at 519 (citing State v. Petrich, 101 Wn.2d 566, 569, 683 P.2d 173 (1984)).

must be unanimous as to which act constitutes the charged crime.[30] But where the evidence consists of "multiple acts which indicate a 'continuing course of conduct,'"[31] or "if the evidence shows only that the defendant committed a single continuing offense,"[32] the State need not elect and a unanimity instruction is not required.

"A continuing course of conduct requires an ongoing enterprise with a single objective."[33] "To determine whether there is a continuing course of conduct, we evaluate the facts in a commonsense manner, considering (1) the time separating the criminal acts and (2) whether the criminal acts involved the same parties, location, and ultimate purpose."[34] "'[E]vidence that a defendant engages in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct.'"[35] A series of incidents involving the same victim and same objective that spans a long period of time may satisfy the course of conduct exception.[36]

Lister's challenge here is limited to unanimity as to the particular protective order she violated and the acts that constitute the violation. The relevant jury instruction required proof that Lister "violated *a protective order* protecting Daniel Calvin

---

[30] Id. at 519-20.

[31] State v. Love, 80 Wn. App. 357, 361, 908 P.2d 395 (1996).

[32] State v. Simonson, 91 Wn. App. 874, 883-84, 960 P.2d 955 (1998) (emphasis omitted).

[33] Love, 80 Wn. App. at 361.

[34] State v. Brown, 159 Wn. App. 1, 14, 248 P.3d 518 (2010).

[35] Id. (quoting State v. Fiallo-Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995)).

[36] State v. Garman, 100 Wn. App. 307, 317, 984 P.2d 453 (1999) (multiple incidents of theft from same victim over time aggregated as a common scheme or plan does not trigger a unanimity requirement).

Wiseman."[37] The State presented evidence of several alleged violations. But because the violations all involve the same victim and the same objective, the continuing course of conduct exception applies. Further, Lister's course of conduct directed at Wiseman supported the common objective of intentionally and repeatedly harassing him. Lister repeatedly called Wiseman's workplace, repeatedly showed up at his workplace, broke the intercom at Wiseman's home, repeatedly called Wiseman's hotels when he traveled on business, and sent mail to Wiseman's home. There is no need for an election or unanimity instruction as to which conduct constituted a violation of a protective order, nor which protective order was violated. Therefore, we conclude Lister's constitutional right to jury unanimity was not violated.

*Double Jeopardy*

Lister contends her convictions for violation of a protective order and felony stalking violate double jeopardy because they were based on the same conduct. We disagree.

The double jeopardy clauses of both the federal and state constitutions protect against multiple prosecutions for the same conduct and multiple punishments for the same offense.[38] The prohibition against double jeopardy is violated when "'the evidence required to support a conviction [of one crime] would have been sufficient to warrant a conviction upon the other.'"[39]

---

[37] CP at 197 (emphasis added).

[38] State v. Kier, 164 Wn.2d 798, 803, 194 P.3d 212 (2008).

[39] State v. Freeman, 153 Wn.2d 765, 772, 108 P.3d 753 (2005) (alteration in original) (quoting Morey v. Commonwealth, 108 Mass. 433, 434 (1871)).

The State here charged Lister with one count of violation of a protective order and one count of felony stalking. The trial court's jury instructions for violation of a protective order stated:

> To convict the defendant of the crime of violation of a court order as charged in Count IV, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) *That* between *September 10, 2011 and October 13, 2011*, there existed a no-contact order applicable to the defendant;
>
> (2) That the defendant knew of the existence of this order;
>
> (3) That on or about said date, the defendant knowingly violated a provision of this order which was a restraint provision prohibiting contact with a protected party; and
>
> (4) That the defendant's act occurred in Washington.[40]

The State based this charge on the August 25, 2011 court order issued by the municipal court.

> The trial court's limiting instruction regarding the felony stalking charge stated:
>
> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of court orders *other than the court order issued by the Seattle Municipal Court on August 25, 2011. This evidence may be considered by you only for the purpose of evaluating the State's charge of stalking, as charged in Count I. You may not consider it for any other purpose.* Any discussion of the evidence during your deliberations must be consistent with this limitation.[41]

The State argued in closing that "Lister's action in this case violated a number of protection orders," but did not specifically mention the August 25, 2011 court order.[42]

---

[40] CP at 214 (emphasis added).

[41] Id. at 195 (emphasis added).

[42] RP (Apr. 2, 2014) at 34.

Contrary to Lister's contentions, she was not punished twice for the same conduct. The felony stalking relates to incidents charged between November 10, 2011 and June 1, 2013. The trial court properly instructed the jury that it could not base its felony stalking conviction on the August 25, 2011 court order. The misdemeanor violation of a protective order relates to incidents between September 10, 2011 and October 13, 2011. The two counts involve completely separate time periods. Unlike State v. Parmelee, the two convictions are not based on the same conduct.[43] Therefore, we conclude that Lister's convictions for felony stalking and violation of a court order do not violate double jeopardy.

### Statement of Additional Grounds

Lister filed what she characterizes as a partial but incomplete statement of additional grounds. But she fails to identify any meritorious issues. Lister contends the record for this appeal is incomplete and inadequate because it lacks transcription of other proceedings. But she makes only general suggestions that Wiseman was not candid in such other proceedings. The record on appeal is limited to the proceedings and documents that were before the trial court. Lister makes no showing that the records from other proceedings are material to this appeal. In addition, Lister vaguely contends the trial court violated her confrontation clause rights by admitting the recording of a 911 call. But the record on this appeal does not include any proceedings regarding the admission of the 911 call. We therefore decline to review it. Other general suggestions of inadequate representation on appeal do not support an ineffective assistance of counsel claim.

---

[43] 108 Wn. App. 702, 32 P.3d 1029 (2001).

We affirm.

WE CONCUR: