# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>MICHAEL DWAYNE HARRIS,<br><br>Appellant. | No.  51071-5-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, P.J.  —  Michael Dwayne Harris appeals his jury trial conviction for violation of a domestic violence court order based on his contact with his wife, Laurel Harris.  He argues that (1) the evidence was insufficient to support the verdict because the no-contact order prohibited contact with an African-American female and the evidence established that Laurel[1] was Caucasian and (2) the protective order violated due process by failing to provide notice of who the protected party was because it failed to identify the correct race of the protected party.[2]  We affirm.

---

[1] We refer to Laurel Harris by her first name to avoid confusion; we intend no disrespect.

[2] Harris also asks that we waive appellate costs.  Pursuant to RAP 14.2, we will defer to the commissioner if the State files a cost bill and Harris objects.

FACTS

On July 12, 2013, the King County Superior Court issued a domestic violence no-contact order prohibiting Harris from having contact with Laurel I. Harris. The no-contact order provided the protected party's date of birth and stated that the protected party was a black female. The no-contact order contained a finding of fact that the protected party was Harris's "[i]ntimate partner (former/current spouse; parent of common child; former/current dating; or former/current cohabitants)." Ex. 1 at 2. The no-contact order expired July 12, 2018.

On February 12, 2017, Laurel contacted 911 and reported that her husband, Harris, had assaulted her. City of Lakewood Police Officer Jacob Veenker responded to the 911 call and apprehended Harris. After being advised of his *Miranda*[3] rights, Harris told Officer Veenker that he (Harris) had been at his wife's home and that she had assaulted him. Harris acknowledged that there had been a no-contact order prohibiting him from contacting his wife, but he asserted that he thought the no-contact order had expired a month earlier.

Officer Veenker then contacted Laurel. He verified that her birthdate matched the birthdate of the protected party in the no-contact order.

The State charged Harris with two counts of violation of a domestic violence court order.[4] At trial, Officer Veenker and Laurel testified as described above. Harris did not present any witnesses.

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] Count 1 alleged that Harris had two prior convictions for violating protection orders; count 2 alleged that the alleged violation was an assault that did not amount to a first or second degree assault.

During the trial, the trial court admitted the King County domestic violence no-contact order. Laurel verified that her birthdate was the same as the birthdate of the protected party and testified that she was the protected party named in the no-contact order. Laurel also testified that she had been married to Harris since 2009.

On cross-examination, Laurel agreed that she "identif[ied] as being Caucasian." 3 Verbatim Report of Proceedings (RP) at 231. On redirect, Laurel testified that despite the fact she was not African-American, she was the person identified as the protected party in the no-contact order.

After the State rested, defense counsel moved to dismiss both counts because the State had failed to prove that the protected party was Laurel because she was not African-American. The trial court denied the motion but invited defense counsel to make this argument to the jury.

In closing argument, defense counsel argued that Laurel was not the person named in the protection order because she was not African-American. In rebuttal argument, the State argued that although the no-contact order misidentified Laurel's race, "no one [was] actually even disputing that it is in reference to the Laurel Harris that testified here today." 3 VRP at 269. The State noted that Harris had admitted to the officer that there had been a protection order prohibiting Harris from contacting his wife and that Laurel had testified that she was the protected party.

The jury found Harris guilty of violation of a domestic violence court order as charged in count 1.[5] Harris appeals his conviction.

---

[5] The jury also found Harris not guilty of violation of a domestic violence court order as charged in count 2.

ANALYSIS

Harris argues that (1) the evidence was insufficient to support the verdict because the no-contact order prohibited contact with an African-American female and there was no evidence that Laurel was African-American and (2) the protective order violated due process by failing to provide notice of who the protected party was because it failed to identify the correct race of the protected party. These arguments fail.

I. SUFFICIENCY OF THE EVIDENCE

Harris first argues that the evidence was insufficient to support the conviction because Laurel did not match the race described in the no-contact order. We disagree.

In reviewing a claim of insufficient evidence, we examine "'whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Drum*, 168 Wn.2d 23, 34-35, 225 P.3d 237 (2010) (quoting *State v. Wentz*, 149 Wn.2d 342, 347, 68 P.3d 282 (2003)). An appellant challenging the sufficiency of evidence "necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from [that evidence]." *Drum*, 168 Wn.2d at 35 (citing *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

Here, although the no-contact order misidentified Laurel's race, the evidence taken in the light most favorable to the State was sufficient to allow the jury to find that Harris violated the no-contact order because there was other evidence that Laurel was the protected party. First, Laurel's full name matched the name of the protected party. Second, Laurel's birthdate matched the birthdate of the protected party. Third, the no-contact order stated that the protected party was an "[i]ntimate partner (former/current spouse; parent of common child; former/current dating; or former/current cohabitants)" to Harris, and Laurel testified that she was Harris's wife and that they

had been married at the time the no-contact order was issued. Ex. 1 at 2. And fourth, Harris admitted to Officer Veenker that he was aware of a no-contact order prohibiting him (Harris) from contacting his wife. Despite the disparity in race, this evidence was clearly sufficient to allow a jury to find that Laurel was the protected party. Accordingly, Harris's sufficiency argument fails.

## II. DUE PROCESS

Harris next argues that he "did not have sufficient notice that he could [not] have contact with a white woman by the same, common name" and that this violated his right to due process under the Fourteenth Amendment. Opening Br. of Appellant at 6. In effect, he is arguing that the error in the no-contact order deprived him of his due process right to receive adequate warning of proscribed conduct. Again, we disagree.

Harris does not cite to any authority requiring that the no-contact order's description of the protected party be exact. The cases he cites to address the adequacy of charging documents and the adequacy of statutes, not the adequacy of a description in a no-contact order. *See City of Bothell v. Kaiser*, 152 Wn. App. 466, 471, 217 P.3d 339 (2009) (adequacy of charging document); *State v. Watson*, 160 Wn.2d 1, 6, 154 P.3d 909 (2007) (adequacy of penal statutes).

But even presuming, but not deciding, that the no-contact order must be specific enough to provide fair notice of the prohibited conduct, Harris's argument fails. *See City of Seattle v. Rice*, 93 Wn.2d 728, 731, 612 P.2d 792 (1980) (in the context of penal statutes, due process requires, in part, that individuals have fair notice of the proscribed conduct). Fair notice is provided when persons of reasonable understanding are not required to guess the nature of the prohibited conduct. *See Rice*, 93 Wn.2d at 731. In this instance, Harris has not shown that the description of the protected party that he was prohibited from contacting was so vague he would have to guess at the

5

identity of the person. The no-contact order included the correct name of the protected party, her correct birthdate, and the fact that the protected party was his "[i]nmate partner." Ex. 1 at 1-2. This information was more than sufficient to provide Harris with adequate warning that his wife was the protected party. Accordingly, this argument fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

BJORGEN, J.

SUTTON, J.